J. W. YOUNG ET AL. v. H. F. HARRIS ET AL.

(Filed 11 December, 1918.)

1. Estates—Remainder—Acceleration—Wills.

The doctrine of acceleration, by which the enjoyment of an expectant interest in lands is hastened, rests upon the theory that such enjoyment is postponed for the benefit of a preceding vested estate or interest, and that on the destruction or determination of such preceding estate before it

would regularly expire, the ultimate takers should come into the present enjoyment of their property; and this doctrine applies to appropriate expressions in a will, when a contrary intent does not appear by a proper interpretation of its terms.

### 2. Same—Widow's Dissent.

Where the doctrine of acceleration applies to the ulterior devisees under a will giving the testator's wife his real property for life or until she marry, her dissent to the will will have the same effect.

### 3. Same—Dower—Ultimate Devisee.

A devise in trust to the benefit of the testator's wife for life or until she remarry, giving her the actual possession and occupancy of the farm and house in which the testator had lived, with implements required for the cultivation of the farm, but with limitation over to his heirs at law, for a division among whom the trustees shall immediately take possession upon the happening of either event: *Held*, the intent of the testator, nothing else appearing, was to postpone the distribution among the ultimate takers for the accomplishment of his primary purpose of providing for his wife during her life or widowhood, and upon the dissent of the widow from the will, the doctrine of acceleration will apply.

### 4. Estates — Remainders—Wills—Dissent—Dower—Acceleration—Ultimate Devisee—Deeds and Conveyances.

Where the widow has dissented from the will of her husband and takes dower in lieu of the lands devised for her life or widowhood, thus accelerating the earlier vesting of the estate in the ultimate devisee, the deed to the land made by the ulterior devisee is subject to the dower right, and at her death his grantee acquires the title.

ACTION, tried before *Justice, J.,* and a jury, at March Term, 1918, of YANCEY.

The action was instituted by plaintiffs, who are at present the heirs at law and next of kin of C. F. Young, deceased, against the defendants, who hold the lands under a deed from J. P. Young, widow, now deceased, of said C. F. Young, to recover the portion of the lands formerly owned by C. F. Young and which was assigned as dower to his widow, she having entered formal dissent from her husband's last will and testament on 26 August, 1887, after his death on 3d of the next preceding July.

It further appeared that said C. F. Young died duly domiciled in Yancey County on 3 July, 1887, owning this and much other land and personal property, leaving a last will and testament making disposition of the same; that such will was duly admitted to probate, and thereafter his widow, Dullie Young, entered her dissent, as stated, and her dower was assigned in a part of the realty of said estate and covering the land in controversy.

Admissions pertinent to inquiry appear of record as follows: "That summons in the original between plaintiffs and defendants was issued

30 October, 1914, and was duly served; that plaintiffs submitted to a voluntary nonsuit at the August Term, 1916, and judgment of nonsuit was duly signed at said term; that this action was instituted on 12 March, 1917, as appears by reference to the summons in this cause; that J. P. Young was the father and only heir-at-law of C. F. Young at the time of the death of C. F. Young. It is admitted by the defendants that the plaintiffs in this action are some of the heirs at law of C. F. Young, deceased; that both parties claim under C. F. Young the common source of title; that C. F. Young died on 3 July, 1887; that J. P. Young died 26 March, 1888; that Dullie E. Young, the widow, died 4 October, 1914; that defendants are in possession of the lands described in the complaint; that the lands included in the boundary of the dower laid off to Mrs. Dullie E. Young, widow of C. F. Young, is the same lands as that described in the complaint and the same lands mentioned in the will of C. F. Young as the house and farm, or home place of the said C. F. Young, and the same lands contained in the deed to Mrs. Dullie Young."

Upon this evidence and the admissions above set forth, plaintiff having rested, on motion, there was judgment of nonsuit, and plaintiffs excepted and appealed.

*Charles Hutchins, Thomas A. Jones, G. E. Gardner, and Merrimon, Adams & Johnston for plaintiffs.*

*J. W. Pless, J. Bis Ray, and Hudgins, Watson & Watson for defendants.*

HOKE, J. The will in question of Creed F. Young, former owner of the property, and duly admitted to probate, provides that, subject to payment of debts and two specified legacies of $1,000 each, all of the testator's property, real and personal, shall be held by S. W. Carter and John S. McElroy, trustees, also appointed executors, for the use and benefit of his wife, Dulcena E. Young, during her widowhood, allowing her to have the actual use and enjoyment of the house and farm where testator resided, such stock and property as may be sufficient and necessary for the use of the said farm, and paying her from time to time such sums as may be necessary to her proper support, etc.; that if the wife should ever marry, the said trustees shall take immediate possession of all the property, real and personal, and distribute the same among the testator's next of kin "who would be entitled to the same at law, etc., except the two legacies, as stated, etc." And it appearing by the admissions of the parties that the widow shortly after her husband's death dissented from the will; that the father, J. P. Young, grantor of defendants, was at that time the next of kin and only heir-at-law of the

testator, we concur in his Honor's view that his deed was effective to pass the title to defendants, and plaintiffs have, therefore, been properly nonsuited.

The doctrine of acceleration, by which the "enjoyment of an expectant interest is hastened," rests upon the theory that such enjoyment having been postponed for the benefit of a preceding vested estate or interest, on the destruction or determination of such preceding estate before it would regularly expire, the ultimate takers should come into the present enjoyment of their property. Unless a contrary intent is disclosed by the terms of the will, the position is fully recognized, where a widow has dissented and, declining to take the preceding estate or interest given her by the will of her husband, has entered into the possession and enjoyment of the interests conferred upon her by the law. In that event, the widow ceases to hold under the will, and in cases like the present the decisions hold that the rights and interests of the parties must be considered and determined as if she had married or died.

Thus, in *Wilson v. Stafford,* 60 N. C., 646-649, *Battle, J.,* delivering the opinion, said: "This was a dissent of the widow and her claiming the share of the property as if he had died intestate; the effect of this upon the disposition made for his children in the will must, after the assignment of dower and giving her an equal part with the children in the personal estate, be the same as if she had died or married."

· And in *Fox v. Rumery,* 68 Me., 121-129: "All the wife's interest in it is at an end as much as if she were dead. The rule is that the extinction of the first interest carved out of the estate only accelerates the right of the second taker."

And in *In re Estate of Rawlings,* 81 Iowa, 701-706, *Chief Justice Beck,* delivering the opinion, said: "The property was to be kept for the use of the wife under the will. As she refuses to take under the will, that part of the items relating to the keeping of the property cannot be obeyed and must be left out of view. The same is true as to the widow's life estate. The will provided that Ann Elizabeth Kery (Cary) and James R. Kery (Cary) shall take the property after the widow's life estate ends. But the widow refuses to take a life estate and takes dower. It clearly appears that the testator intended that the devisees just named should take the property after its enjoyment by the widow ceased and after her interest therein was terminated. He did not intend that the beneficiaries to these devisees should be under the control of his wife or should be defeated by her. Under the exercise of her option, she refuses to take a life estate, but takes the estate the law gives her. It clearly appears that the testator intended the devisees to take of the property whatever remained after the widow's right thereto terminated. The law will effectuate the intentions of the testator, if possible, and

will secure to the legatees as nearly the benefits intended by the provisions of the will in their favor as can be done.  1 Rdf. Wills (3d Ed.), 429."

On the facts of this record, there is authority tending to support the position that the ascertainment of the "next of kin," within the meaning of this will, would in any event be referred to the death of the testator. *Jones v. Oliver,* 38 N. C., 370.  But conceding this to be otherwise in the present instance, not only is there nothing in the will that forbids the application of the principle of acceleration, to which we have referred, but it is clear from a perusal of the instrument that, subject to the payment of the legacies, which, on the facts presented, do not affect the question, the entire purpose in putting this estate in the hands of the trustees was to insure the proper maintenance of the testator's widow while she remained unmarried or until she died without having remarried, and that the distribution among the ultimate takers was only postponed in order the better to effect the primary purpose; and this purpose and the preceding interest conferred on the widow having been entirely removed by her dissent, the ultimate takers come into the immediate enjoyment of their rights to the extent that the same creates no interference with the interests which the law has conferred upon the widow.  The father, at that time, being the sole heir-at-law and next of kin, his deed, as heretofore stated, was effective to carry the title, subject to the widow's dower, and she having died, the defendants have been properly declared the true owners.

An interesting illustration of the principles applicable, and which we hold to be controlling on the facts presented, appears in the well-considered case of *University v. Borden,* 132 N. C., 477, opinion by our former *Associate Justice Connor,* and authoritative decisions here and elsewhere are in full support of the position.  *Holderby v. Walker,* 56 N. C., 46; *Adams v. Gillespie,* 55 N. C., 244; *Dale, Admr., v. Bartly,* 58 Ind., 101; *Yeaton v. Roberts,* 28 N. H., 459; *Marvin v. Ledwith,* 111 Ill., 144.

There is no error in the record, and the judgment of nonsuit

Affirmed.