EASTERN TRUST AND BANKING COMPANY, TRUSTEES

*vs.*

PAUL M. EDMUNDS ET ALS.

Penobscot.      Opinion, July 15, 1935.

*Edgar M. Simpson,* for plaintiff.

*Andrews, Nelson & Gardiner,* for Paul M. Edmunds and Warren F. Edmunds.

*James E. Mitchell,* guardian ad litem, for Eleanor Marie Edmunds.

*William M. Warren,* for Ruby F. Graffam.

SITTING: PATTANGALL, C. J., STURGIS, BARNES, THAXTER, HUDSON, JJ.

PATTANGALL, C. J.    Appeal. Bill in Equity asking for construction of a will and the determination of the present rights of remaindermen. After disposing of certain property by special be-

quests the testator created a trust embracing the residue of his estate, for the following purposes:

"This trust to continue in any event during the life of my wife, Roberta Mae Edmunds, and it shall cease at her death, if my grandson, hereinafter mentioned, shall not then be living, or, if he shall then have arrived at the age of thirty years: and if, at the time of the decease of my said wife, my said grandson, Robert Dole Edmunds, shall be living, and shall not then have arrived at the age of thirty years, then this trust shall continue up to the time when my said grandson, Robert Dole Edmunds, shall arrive at the age of thirty years, or, it shall continue up to the time of the decease of my said grandson, if he shall decease before arriving at the age of thirty years, and if he shall survive my wife.

"My said trustee to manage all my said estate prudently and carefully, and keep the same insured, and to invest and reinvest my personal estate in safe and reliable securities. And it, my trustee, shall pay every three months from the time of my decease one-third part of the net income of all my said estate to my said wife, during the term of her natural life, and my said trustee shall pay out of said net income to Ruby Fay Edmunds the sum of One thousand dollars per year, to be paid to her in quarterly payments until this trust shall cease, as above specified, or, up to the time of her death, if she dies before the termination of this trust, or, up to the time of her marriage, should she marry, and if she shall marry then the same shall cease absolutely: and all the remainder of said net income shall be paid during the continuance of this trust in quarterly payments as follows: To my said grandson, Robert Dole Edmunds (or to his Guardian up to the time he shall arrive at the age of twenty-one years) while living, and thereafter to his children, if any; and if during the continuance of this trust, said grandson shall decease, leaving no children surviving him, then said net income shall be paid during the continuance of this trust to my brother, Frank H. Edmunds, if he shall be living, and if he shall not be living, then the same

shall be paid during the continuance of this trust to his children, if any, in equal shares.

"At the termination of said trust, all of my said estate in whatever form the same shall then be, shall become the property absolutely of the following named persons, in the following named order: My said grandson, Robert Dole Edmunds, if he shall be living, and if he shall not be living at the time of the termination of this trust, then to his children equally, if there shall be any of his children living at the termination of this trust; and if my said grandson shall not be living at the time of the termination of this trust, then to my brother, Frank H. Edmunds, if he shall be living at the time of the termination of this trust; and if he, Frank H. Edmunds, shall not be living at the time of the termination of this trust, then the same shall go to the Lineal descendants of my said brother, Frank H. Edmunds, in accordance with the laws of the State of Maine relative to the descent of real and personal estate.

"The foregoing provision in favor of my said wife, Roberta Mae Edmunds, to be in full for all her right of dower, right by descent, right to claim an allowance, right to a distributive share, and all other rights under the laws of the State of Maine, in and to all my estate, real, personal and mixed."

The will is dated February 6, 1919. Testator died August 17, 1926. Roberta Mae Edmunds, who is still living, seasonably waived the provisions of the will and claimed and received the right and interest given her in the estate by Sec. 13, Chap. 80, R. S. 1930. Frank H. Edmunds, testator's brother, died September 29, 1926, leaving two sons, Paul M. and Warren F. Edmunds. Paul M. has a minor daughter, Eleanor Marie Edmunds. These three are the only descendants of Frank H. Edmunds. Robert Dole Edmunds, grandson of the testator, died, unmarried, before the age of thirty. Ruby Fay Edmunds has married.

The question is whether or not the remainder of the trust may be accelerated and presently distributed.

It is apparent that at the death of testator's widow, in view of the foregoing, the estate would pass to such of the descendants of Frank H. Edmunds as were living at the time of her decease. Her

election was, so far as the rights of the remaindermen were concerned, equivalent to her death. *Fox* v. *Rumery,* 68 Me., 121 (at page 129) ; *Adams* v. *Legroo,* 111 Me., 320 (at page 307), 89 A., 63 ; *Ladd* v. *The Baptist Church of East Randolph, Vermont,* 124 Me., 386 (at page 388), 130 A., 177 ; *Roe* v. *Doe,* 93 A., 373 (Del.) ; *Coover's Appeal,* 74 Penn., 143, 147 ; *In re Woodburn's Estate,* 25 A., 145, 151 Penn., 586 ; *O'Rear* v. *Bogie,* 163 S. W., 1107, 157 Ky., 666 ; *Meek* v. *Trotter,* 180 S. W., 176, 133 Tenn., 145 ; *Boynton* v. *Boynton,* 266 Mass., 454, 165 N. E., 489.

The lineal descendants took under the will contingent remainders. But contingent remainders may be accelerated. *Nelson* v. *Meade,* 129 Me., 161, 149 A., 626, 628.

"The extinction of the first interest carved out of the estate accelerates the right of the second taker. There is an apparent conflict of authority as to whether or not contingent remainders may be accelerated. But the conflict is more apparent than real. A study of the cases discloses a clearly defined and logical line of demarkation between those in which the court has refused to accelerate contingent remainders and those in which acceleration has been permitted.

"The application of the doctrine is not dependant upon the circumstance, that the remainder is or is not vested. The fact that a remainder is contingent is not conclusive of the right of acceleration. The vesting of a remainder by the premature termination of the preceding life estate being based on the presumed intention of the testator, there need be no distinction made between vested and contingent remainders in its application. It is immaterial whether the remainder is vested or contingent if the time for distribution has in fact arrived, as in such case the contingency is determined and the donees ascertained.

"A contingent remainder will not be accelerated if there still remain undetermined contingencies so that it is impossible to identify the remaindermen or if there is evidence of an intention to postpone the taking effect of the remainder. But when no such intention appears and no such uncertainties prevent so that the contingency is determined and the donees ascer-

tained, the doctrine applies as well to a contingent as to a vested remainder."

The gift is to a class, the members of which are to be ascertained at the time of the termination of the trust. The trust having terminated by action of the widow, death of the grandson, death of the brother and marriage of Ruby Fay Edmunds, the members of the class are determined and the remainder should be distributed.

*Appeal sustained.*
*Decree accordingly.*