THE UNION NATIONAL BANK OF CHARLOTTE, A NATIONAL BANKING CORPORATION, EXECUTOR AND TRUSTEE UNDER THE LAST WILL AND TESTAMENT OF F. C. EASTERBY, DECEASED, v. RUTH GREEN EASTERBY, LIZZIE MARION EASTERBY, MATTIE EASTERBY, HUGH EASTERBY, HUGH EASTERBY, JR., DIANNE ELAINE EASTERBY, RICHARD TERRY EASTERBY, STEPHEN HUGH EASTERBY, FRANK CALHOUN EASTERBY, EARL THOMAS EASTERBY, EARL THOMAS EASTERBY, JR., MARY ELIZABETH EASTERBY, JOHN GINN EASTERBY, WILLIAM HENRY EASTERBY, B. M. THOMSON, JR., B. M. THOMSON III, CAMILLA THOMSON, JAMES H. THOMSON, JAMES H. THOMSON, JR., LAURIE THOMSON, STEWART DOUGLAS EASTERBY, JR., STEWART D. EASTERBY III, CAROLINE EASTERBY AND JOHN FRANCIS EASTERBY, AND ALL OTHER PERSONS WHOSE NAMES ARE UNKNOWN IN BEING, OR WHO MAY BE IN BEING AT THE TIME OF THE DEATH OF RUTH GREEN EASTERBY, AND WHO HAVE OR MAY HAVE ANY INTEREST IN THE ESTATE OR ASSETS OF F. C. EASTERBY, DECEASED.

(Filed 10 December, 1952.)

1. Wills § 40—

The right of a widow to dissent from the will is given by law, and she may exercise such right within the time fixed by statute without assigning any reason therefor. G.S. 30-1.

2. Same—

The fact that the widow's unconditional dissent from the will and election to take her statutory rights is based upon separate agreement with the vested remaindermen that they pay her a specified sum, does not affect the validity of the dissent, the dissent being valid unless she is induced to dissent in ignorance of her rights to her prejudice.

**3. Same: Wills § 33k—Widow's dissent from will terminates her life estate thereunder and accelerates vesting of remainder.**

Testator devised his property in trust for the use and benefit of his wife for life with direction that at her death the *corpus* be divided among named beneficiaries or their survivors, or if none of the said beneficiaries should be living at the death of the widow, then the estate to be distributed to testator's heirs as ascertained at the death of the widow. The widow dissented from the will. *Held:* It appearing from the instrument that the life estate to the wife was created solely for her benefit and in no sense for the independent purpose of postponing the final disposition of the estate, the dissent of the widow accelerates the vesting of the remainder in the beneficiaries named in fee simple absolute free of any contingent limitation over.

PARKER, J., took no part in the consideration or decision of this case.

APPEAL by guardians *ad litem* from *Hatch, Special Judge,* September Extra Civil Term, 1952, of MECKLENBURG.

This action was instituted by the plaintiff, executor and trustee under the last will and testament of F. C. Easterby, deceased, to obtain the advice and instruction of the court relative to certain questions that have arisen in connection with the administration of the estate.

F. C. Easterby, a citizen and resident of Mecklenburg County, North Carolina, died 5 February, 1952, leaving a last will and testament which was duly filed and admitted to probate in the office of the Clerk of the Superior Court in the aforesaid county, 13 February, 1952.

Under the terms of this will the residual estate was devised and bequeathed to the Union National Bank of Charlotte, as Trustee, for the use and benefit of Ruth Green Easterby, the testator's wife, for her life. At the death of the wife, the will directed that the *corpus* of the trust be delivered by the Trustee in equal portions to the testator's sisters, Lizzie Marion Easterby, Mattie Easterby, and his brother, Hugh Easterby. The will also provides:

"If, at the death of my wife, either of my above named two sisters or my aforesaid brother, Hugh, or two of them, should not be living, my Trust Estate shall be divided equally between such of my said two sisters and my said brother as may be living at the time of the death of my said wife. If, at the time of the death of my said wife, neither of my aforesaid two sisters nor my said brother, Hugh, is living, then my Trust Estate shall be distributed to my heirs and next of kin just as though I had died as of the time of the death of my wife intestate."

The estate involved in this appeal has a net value, before payment of inheritance taxes, of approximately $290,000.

On 25 June, 1952, the widow, Ruth Green Easterby, who had been contemplating exercising her right to dissent from the will of her husband, and Lizzie Marion Easterby, Mattie Easterby and Hugh Easterby, the

designated remaindermen in the will, entered into an agreement by the terms of which the widow agreed that she would dissent from the will of her husband in consideration of the agreement of the other parties that she should receive from the estate a widow's allowance of $18,000; that all Federal Estate taxes which might be assessed against the estate of F. C. Easterby would be paid from the share or shares of the estate that would be accelerated by reason of her dissent; and that in order to compensate the widow for the decrease in income available to her from the trust in the event she dissents, the sum of $25,000 might be charged against the shares of the remaindermen and paid to her, in addition to all other benefits and her statutory allowance.

Thereafter, on 1 July, 1952, the widow filed in the office of the Clerk of the Superior Court in Mecklenburg County, an unconditional dissent from the will of her husband, stating therein that she elected to share in his estate as provided by statute.

It appears from the record that the named defendants in this action include all persons in being who have an interest in the estate of F. C. Easterby, deceased, under his will, and include all persons now in being who could take upon the contingency set out in the will, except in the event all the named defendants and their descendants should predecease Ruth Green Easterby, and the persons who would take under that remote contingency are unknown.

Frank W. Snepp, Jr., was duly appointed guardian *ad litem* to represent the interests of unknown persons who might take an interest under the will, including those in being and those not in being, and the guardian *ad litem* duly filed an answer, properly presenting the contentions of such persons. Likewise, B. Irvin Boyle was duly appointed guardian *ad litem* for all minor defendants and in apt time filed an answer in their behalf, setting out the contentions available to them in this action.

It further appears from the record that all parties defendant had been duly served with summons and were properly before the court and subject to its jurisdiction when the matter came on for hearing below.

All the parties who were present in person or represented by counsel at the hearing, waived a trial by jury and agreed that the trial judge should find the facts, draw his conclusions of law, and enter judgment accordingly.

Upon the facts found by the court, the material parts of which are hereinabove set out, the court held that the dissent filed by the widow is legally effective as a dissent, and the widow is entitled to her statutory distributive share of the estate; that the dissent filed by the widow had the legal effect of accelerating the vesting, both in right and enjoyment, of the residue of the estate not allocated to the widow as her distributive share; and that Lizzie Marion Easterby, Mattie Easterby and Hugh

Easterby, upon the filing of the dissent, became entitled to the residue of the estate, free of the trust, and of any contingent interests of the heirs at law and next of kin of the testator, subject only to the rights of the widow, and entered judgment accordingly. Both guardians *ad litem* appeal and assign error.

*Frank W. Snepp, Jr., guardian ad litem for unknown persons, in being and not in being, having an interest in the action, appellants. In Propria Persona.*

*B. Irvin Boyle, guardian ad litem for all minor defendants, appellants. In Propria Persona.*

*Robinson & Jones for plaintiff, appellee.*

*Tillett, Campbell, Craighill & Rendleman for Ruth Green Easterby, Lizzie Marion Easterby, Mattie Easterby, and Hugh Easterby, appellees.*

DENNY, J. The appellants argue and contend that the dissent of the widow was induced by the terms of an agreement, the performance of which is conditioned upon the dissent resulting in the vesting of the estate of F. C. Easterby in the two sisters and brother of the testator, absolutely and in fee simple, subject only to the rights of the widow, and, therefore, such dissent was not a voluntary election on the part of the widow to take against the will of her husband as required by law in such cases.

We do not think the agreement entered into by and between the named beneficiaries in the will of F. C. Easterby has any bearing whatever on the validity or invalidity of the widow's dissent. The right of a widow to dissent from her husband's will is one given to her by law. And such right may be exercised by her at any time within the period fixed by statute. G.S. 30-1. Furthermore, in the exercise of such right, she is not required to assign any reason therefor. And in the absence of evidence that the widow was induced to dissent, without knowledge of her rights and to her prejudice, it will be presumed that she acted voluntarily and with full knowledge of her rights. In view of the facts as disclosed on this record, the contention of the appellants will not be upheld.

It is also contended by the appellants that the interests of Lizzie Marion Easterby, Mattie Easterby and Hugh Easterby are contingent upon their surviving the life tenant, and that the dissent of the widow did not accelerate their interests.

We do not concur in the view taken by the appellants. Any question relative to survivorship, vested or contingent remainders, in connection with the interests of the remaindermen, under the provisions of the will under consideration, was determined when the widow's dissent was filed. Her election to take under the statute in lieu of the life estate devised to her in the will, in so far as the remaindermen are concerned, was

equivalent to her death. *Trust Co. v. Johnson, ante,* 594; *Neill v. Bach,* 231 N.C. 391, 57 S.E. 2d 385; *Cheshire v. Drewry,* 213 N.C. 450, 197 S.E. 1; *Young v. Harris,* 176 N.C. 631, 97 S.E. 609, 5 A.L.R. 477; *University v. Borden,* 132 N.C. 476, 44 S.E. 47. And what was said in *Trust Co. v. Johnson, supra,* with respect to the doctrine of acceleration, is applicable to the facts in this case and it is not necessary to repeat here what was said on the subject in that opinion.

A careful consideration of the will of F. C. Easterby, deceased, leads us to the conclusion that the testator devised a life estate to his wife solely for her benefit, and that such estate was not created in any sense for the independent purpose of postponing the disposition of his estate until the death of his wife in the event she should dissent from his will.

Therefore, the ruling of the court below to the effect that upon the filing of the widow's dissent Lizzie Marion Easterby, Mattie Easterby and Hugh Easterby became the absolute owners of the estate of F. C. Easterby, deceased, free of the trust and of any contingent interests of the heirs at law and next of kin of the testator, subject only to the rights of the widow, will be upheld. Such ruling is not only in accord with our decisions but with the decisions generally on the question of acceleration where the facts are similar to those in this case. *Thomsen v. Thomsen,* 196 Okla. 539, 166 P. 2d 417, 164 A.L.R. 1426; *Keen v. Brooks,* 186 Md. 543, 47 A. 2d 67, 164 A.L.R. 1292; *Ward v. Ward,* 153 Kan. 222, 109 P. 2d 68, 134 A.L.R. 657; *Elliott v. Brintlinger,* 376 Ill. 147, 33 N.E. 2d 199, 133 A.L.R. 1364; *Eastern Trust & Banking Co. v. Edmunds,* 133 Me. 450, 179 A. 716; *Christian v. Wilson's Ex'rs.,* 153 Va. 614, 151 S.E. 300; *Equitable.Trust Co. v. Proctor,* 27 Del. Ch. 151, 32 A. 2d 422; *Schmick Estate,* 349 Pa. 65, 36 A. 2d 305; *Lowrimore v. First Svgs. & Tr. Co.,* 102 Fla. 740, 140 So. 887; *Union Trust Co. v. Rossi,* 180 Ark. 552, 22 S.W. 2d 370; *Young v. Eagon,* 131 N. J. Eq., 574, 26 A. 2d 180.

The judgment of the court below is

Affirmed.

PARKER, J., took no part in the consideration or decision of this case.