THE WACHOVIA BANK & TRUST COMPANY, EXECUTOR AND TRUSTEE UNDER THE LAST WILL AND TESTAMENT OF CARL J. McEWEN, DECEASED, v. MINNIE BELL McEWEN, FRANCES M. HUNTER, MARY M. ELLINGTON, HELEN M. ANDERSON, BETTY W. McEWEN, CARL McEWEN ELLINGTON, A MINOR; JEAN HUNTER, A MINOR; SUSAN HUNTER, A MINOR; JUDITH ANDERSON, A MINOR; JOYCE ANDERSON, A MINOR; THE UNBORN ISSUE OF FRANCES M. HUNTER; THE UNBORN ISSUE OF MARY M. ELLINGTON; THE UNBORN ISSUE OF HELEN M. ANDERSON; THE UNBORN ISSUE OF BETTY W. McEWEN; L. M. McEWEN, SR.; L. M. McEWEN, JR.; MARY KATHRYN McEWEN, A MINOR; L. M. McEWEN, III, A MINOR; JAMES WEBB McEWEN, A MINOR; HERBERT L. McEWEN, A MINOR; CAROL ELIZABETH McEWEN, A MINOR; MARGARET ELAINE McEWEN, A MINOR; ROBERT J. McEWEN; AND ALL OTHER PERSONS WHOSE NAMES ARE UNKNOWN, IN BEING OR WHO MAY BE IN BEING AT THE TIME OF THE DEATH OF MINNIE BELL McEWEN AND WHO HAVE OR MAY HAVE ANY INTEREST IN THE ESTATE OF CARL J. McEWEN, DECEASED.

(Filed 24 November, 1954.)

**1. Wills § 33c—**

A remainder is vested if it is subject to no condition precedent except the determination of the preceding estate.

**2. Same—**

It is the general rule that remainders vest at the death of the testator unless some later time for the vesting is clearly expressed in the will or is necessarily implied therefrom.

**3. Same—**

Ordinarily, adverbs of time and adverbial clauses designating time do not create a contingency, but merely indicate the time when the enjoyment of the estate shall commence.

**4. Same—**

Testator devised and bequeathed property to a trustee for the benefit of his wife for life, with provision that upon her death the estate should be equally divided among his children, with further provision that if any child should be then deceased, his or her share should go to his or her children, or held in trust for such children if they were then minors. *Held:* The children of testator took a vested remainder, and the preceding life estate was solely for the benefit of the widow and was not for the purpose of postponing the enjoyment of the remainder.

**5. Wills §§ 33k, 40—**

Testator devised and bequeathed his property in trust for the benefit of his wife for life with provision that upon her death the estate should be equally divided among his children, with further provision that if any of his children were dead at the time of the falling in of the life estate, their share should go to their children. The widow dissented from the will. *Held:* The dissent of the widow terminates her life estate under the will, and accelerates the interests of testator's children so as to give them the right of immediate possession.

**6. Same—**

A vested remainder may be accelerated even though future contingent interests will thereby be cut off.

APPEAL by B. Irvin Boyle and John Schuber, Jr., guardians *ad litem,* from *Patton, Special Judge,* October Term, 1954, of MECKLENBURG.

This action was instituted by the plaintiff, executor and trustee under the last will and testament of Carl J. McEwen, deceased, to obtain the advice and instruction of the court relative to certain questions that have arisen in connection with the administration of the estate.

Carl J. McEwen, late of Mecklenburg County, North Carolina, died on 12 October, 1953, leaving a last will and testament which was duly filed and probated in the office of the Clerk of the Superior Court in the aforesaid county on 20 October, 1953.

Under the terms of the will, the residual estate was devised and bequeathed to the Wachovia Bank and Trust Company as trustee, for the use and benefit of Minnie Bell McEwen, the testator's wife, for life. The will also provided:

"Upon the death of my said beloved wife, the Trustee named herein shall liquidate my estate and shall divide the same equally among my four children: Frances M. Hunter; Mary M. Ellington, Helen J. McEwen and Betty W. McEwen, if said children are living at that date. In the event any one or more of my said children shall have died as of the date of the death of my said wife and if said child shall have left issue surviving her, then such issue shall be entitled to its parent's share in this trust estate, but if such issue shall at the death of my said beloved wife be less than 21 years of age, then the Trustee named herein shall continue to hold such beneficiary's share of this trust estate in trust until said child shall have arrived at the age of 21 years, during which time the Trustee named herein shall pay over unto the said beneficiary in annual, semi-annual or quarterly payments, as it shall deem best, the net income arising on said beneficiary's interest in this trust estate; when said beneficiary shall have arrived at the age of 21 years, the Trustee named herein shall then pay over unto said beneficiary the *corpus* of this estate to which he, she or they may then be entitled."

On 16 April, 1954, Minnie Bell McEwen, widow of Carl J. McEwen, deceased, filed in the office of the Clerk of the Superior Court of Mecklenburg County, a written dissent from the will of her late husband.

It appears from the record that all necessary parties have been joined in this action and that all the defendants have been duly served with process and are properly before the court and subject to its jurisdiction.

All the defendants filed answers except Minnie Bell McEwen, Frances M. Hunter, Mary M. Ellington, Helen M. Anderson, Betty W. McEwen,

L. M. McEwen, Sr., L. M. McEwen, Jr., Herbert L. McEwen, and Robert J. McEwen, and at the time of the hearing the time for answering had expired and no extension of time had been granted.

B. Irvin Boyle was duly appointed guardian *ad litem* for the following minor defendants: Carl McEwen Ellington, Jean Hunter, Susan Hunter, Judith Anderson, Joyce Anderson, and the unborn issue of the defendants Frances M. Hunter, Mary M. Ellington, Helen M. Anderson, and Betty W. McEwen.

John Schuber, Jr., was duly appointed guardian *ad litem* of the following minor defendants: Mary Kathryn McEwen, L. M. McEwen, III, James Webb McEwen, Carol Elizabeth McEwen, Margaret Elaine McEwen, the unborn issue of L. M. McEwen, Sr., L. M. McEwen, Jr., Herbert L. McEwen and Robert J. McEwen, and for unknown parties.

All the parties who were present in person or represented by counsel at the hearing, waived a trial by jury and agreed that the trial judge should find the facts, draw his conclusions of law, and enter judgment accordingly.

Upon the facts found by the court, the material parts of which are hereinabove set out, the court held that the dissent filed by the widow is legally effective as a dissent, and the widow is entitled to her statutory distributive share of the estate; that the dissent filed by the widow had the legal effect of accelerating the vesting, both in right and enjoyment, of the residue of the estate not allocated to the widow as her distributive share; and that Frances M. Hunter, Mary M. Ellington, Helen M. Anderson and Betty W. McEwen, upon filing of the dissent, became entitled to the residue of the estate of the trust and free of the contingent interest of any person, subject only to the rights of the widow, and entered judgment accordingly. Both guardians *ad litem* appeal and assign error.

*McDougle, Ervin, Horack & Snepp for appellee.*
*B. Irvin Boyle and John Schuber, Jr., guardians ad litem.*

DENNY, J. The appellants contend that the judgment of the court below is erroneous. They insist that the remainder interests of Frances M. Hunter, Mary M. Ellington, Helen M. Anderson, and Betty W. McEwen are contingent upon their surviving the life tenant, and that the dissent of the widow did not accelerate the vesting of such interests. We do not concur in this view.

*Barnhill, J.,* now *Chief Justice,* speaking for this Court in *Priddy & Co. v. Sanderford,* 221 N.C. 422, 20 S.E. 2d 341, defined a vested remainder as follows: "The remainder is vested, when, throughout its continuance the remainderman and his heirs have the right to the immediate possession whenever and however the preceding estate is determined; or,

in other words, a remainder is vested if, so long as it lasts, the only obstacle to the right of immediate possession by the remainderman is the existence of the preceding estate; or, again, a remainder is vested if it is subject to no condition precedent save the determination of the preceding estate."

It is the general rule that remainders vest at the death of the testator, unless some later time for the vesting is clearly expressed in the will, or is necessarily implied therefrom. It is likewise a prevailing rule of construction with us that adverbs of time, and adverbial clauses designating time, do not create a contingency but merely indicate the time when enjoyment of the estate shall begin. *Pridgen v. Tyson,* 234 N.C. 199, 66 S.E. 2d 682; *Priddy & Co. v. Sanderford, supra.*

In 31 C.J.S., Estates, section 82, page 96, it is said: "A vested remainder may be accelerated, although future contingent interests will thereby be cut off . . . A remainder will not be accelerated if it is impossible to identify the remaindermen, or if there is evidence of an intention to postpone the taking effect of the remainder; but, where contingencies are determined and donees ascertained, the doctrine of acceleration applies as well to a contingent as to a vested remainder. . . . An instrument providing that the particular estate shall terminate on the happening of an event specified may provide for the acceleration and immediate vesting of what would otherwise be contingent remainders." *Blackwood v. Blackwood,* 237 N.C. 726, 76 S.E. 2d 122; *Christian v. Wilson's Ex'rs.,* 153 Va. 614, 151 S.E. 300; *Eastern Trust & Banking Co. v. Edmunds,* 133 Me. 450, 179 A. 716.

In our opinion, the interests of the children of Carl J. McEwen vested at the death of the testator, and we so hold. Therefore, any question relative to the acceleration of their interests and the right to the immediate possession thereof, must be determined in light of the legal effect of the widow's dissent.

The election of the widow, Minnie Bell McEwen, to take under the statute in lieu of taking the life estate devised to her in her husband's will, in so far as the remaindermen are concerned, was equivalent to her death. *Bank v. Easterby,* 236 N.C. 599, 73 S.E. 2d 541; *Trust Co. v. Johnson,* 236 N.C. 594, 73 S.E. 2d 468; *Neill v. Bach,* 231 N.C. 391, 57 S.E. 2d 385; *Cheshire v. Drewry,* 213 N.C. 450, 197 S.E. 1; *Young v. Harris,* 176 N.C. 631, 97 S.E. 609, 5 A.L.R. 477; *University v. Borden,* 132 N.C. 476, 44 S.E. 47.

The doctrine of acceleration rests upon the theory that the enjoyment of an interest having been postponed for the benefit of a preceding estate, upon determination of such preceding estate before it would ordinarily expire, ultimate takers should come into the immediate enjoyment of their property. *Trust Co. v. Johnson, supra,* and cited cases.

A consideration of the will of Carl J. McEwen, deceased, leads us to the conclusion that the testator devised a life estate to his wife solely for her benefit, and that such estate was not created in any sense for the independent purpose of postponing the disposition of his estate until the death of his wife in the event she rejected the devise thereunder and elected to take her dower interest and distributive share in the estate as provided by law. Hence, the judgment of the court below is

Affirmed.