NEWMAN MACHINE COMPANY, INC. v. GEORGE F. NEWMAN, JR.,
TRUSTEE

No. 6818SC338

(Filed 9 October 1968)

1. **Declaratory Judgment Act § 1— nature of remedy — presence of genuine controversy**

   The court will not entertain a proceeding under the Uniform Declaratory Judgment Act which lacks the essentials of an actual controversy; the presence of a genuine controversy is a jurisdictional necessity. G.S. 1-253.

2. **Declaratory Judgment Act § 1— grounds for the remedy — threat of unavoidable litigation**

   A mere fear or apprehension that a claim may be asserted in the future is not ground for issuing a declaratory judgment; before granting such relief, the court must be convinced that litigation sooner or later appears to be unavoidable.

3. **Declaratory Judgment Act § 1— grounds for remedy — threat to rescind sale of personalty**

   The mere threat of an action to rescind a sale of personal property, namely, the shares of capital stock in a corporation, or to sue for damages, is not sufficient to constitute such an actual controversy as is cognizable under the Uniform Declaratory Judgment. Act.

4. **Quieting Title § 1— no remedy for adverse claims in personalty**

   There is no statute providing a means for determining adverse claims in personal property.

ON *certiorari,* allowed 17 May 1968 on petition of the defendant to review a judgment entered by *Crissman, J.,* 11 March 1968 Civil Session of GUILFORD Superior Court, Greensboro Division, overruling a demurrer to the complaint.

This case was heard with case No. 6818SC339, *William M. York, Jr., and Frank W. York v. George F. Newman, Jr., Trustee,* decided 9 October 1968. The facts are almost identical, with the main exception being that case No. 6818SC339 concerns a deed and real property, and this case is concerned with personal property, to wit, shares of stock in corporations.

Plaintiff in its complaint alleges, among other things, in substance, except where quoted:

That on 6 February 1959 George F. Newman, Jr., was president of the plaintiff and owned individually 53.299% of the outstanding shares of the capital stock of the plaintiff and that he also owned 11.477% of said stock as Trustee for his children. That on 6 Febru-

ary 1959 George F. Newman, Jr., sold to the plaintiff all of its shares of capital stock that he owned, both individually and as trustee. It is also alleged that this stock was sold as the result of negotiations between the defendant and W. M. York, Sr. On 24 March 1966 Mr. Welch Jordan of Greensboro, attorney for defendant, wrote W. M. York, Sr., as President of Newman Machine Company, that the price plaintiff paid for the stock "was grossly inadequate and represented only a minor fraction of the fair market value of the properties," that the trustee "has the legal right" and the duty "to either disaffirm and rescind the transactions or to sue for damages," and that Mr. Newman, individually and as trustee, had requested that appropriate legal action be taken to enforce his right.

The complaint also alleges that "(t)he defendant, through his attorneys, continues to make demands on the plaintiff and to threaten legal action against the plaintiff"; that these threats of litigation "seriously affects the plaintiff in the conduct of its business"; that "(t)he plaintiff brings this action for the purpose of having this controversy determined and the cloud on its title removed as speedily as possible." Plaintiff also asserts that defendant has been guilty of laches and that if he ever had any cause of action, it is barred by the statute of limitations.

Plaintiff's prayer for relief is:

"WHEREFORE, THE PLAINTIFF PRAYS THE COURT that it enter judgment declaring that the plaintiff has good title to the shares of stock which it purchased from the defendant, that the costs of this action be taxed against the defendant, and that the plaintiff have such other relief as the court may deem just and proper."

Defendant filed a demurrer, in writing, to the complaint asserting, among other things, that it does not state facts sufficient to constitute a cause of action, that it is not a proper action for declaratory judgment or to quiet title or to determine the validity of title, that the entire controversy cannot be resolved and finally determined by this action, and that there is a fatal defect of parties.

From the order of Judge Crissman overruling the demurrer, the defendant in apt time petitioned the Court of Appeals for a writ of *certiorari,* which was allowed.

*Adams, Kleemeier, Hagan & Hannah by Charles T. Hagan, Jr., and Smith, Moore, Smith, Schell & Hunter by McNeill Smith for plaintiff.*

*McLendon, Brim, Brooks, Pierce & Daniels by Hubert Humphrey for defendant.*

MALLARD, C.J.

Defendant asserts in his brief that the question presented·by this record is: "Did the Court below err in overruling the Demurrer ˙based upon the grounds that the complaint does not state a proper .action for removing a cloud on title or for declaratory relief and that there is a defect of parties?"

We are of the opinion and so decide that the complaint does not .allege a cause of action for removing a cloud on title to personal property. See decision in the companion case, *William M. York, Jr., .and Frank W. York v. George F. Newman, Jr., Trustee,* filed by this ·Court on 9 October 1968 for a discussion of what constitutes a cloud ·on title to real property.

We are of the opinion and so decide that the complaint is not :sufficient to allege a cause of action under the Uniform Declaratory .Judgment Act.

G.S. 1-253 reads as follows:

> "Courts of record within their respective jurisdictions shall have power to declare rights, status, and other legal relations, whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect; and such declarations shall have the force and effect of a final judgment or decree."

[1]     This statute is broad in its terms, but it has been consistently ˙held that under it, the court will not entertain a proceeding which lacks the essentials of an actual controversy. The presence of a ·genuine controversy is a jurisdictional necessity. *Lide v. Mears,* 231 N.C. 111, 56 S.E. 2d 404. In *Tryon v. Power Co.,* 222 N.C. 200, 22 :S.E. 2d 450, it is said:

> "In marginal cases the rule may be difficult to apply, because it involves a definition, or at least an appraisal, of the term 'controversy,' which must, perhaps, depend upon the individual case; but in the case at bar, the Court does not feel that such embarrassment exists. A mere difference of opinion between the parties as to whether plaintiff has the right to purchase or condemn, or otherwise acquire the utilities of the defendant — with-,out any practical bearing on any contemplated action — does

not constitute a controversy within the meaning of the cited cases."

**[2]**    In 22 Am. Jur. 2d, Declaratory Judgments, § 11, appears the following principle of law: "To constitute an actual controversy there need not exist an actual right of action in one party against the other in which consequential relief might be granted. But a *mere fear or apprehension that a claim may be asserted in the future* is not ground for issuing a declaratory judgment; before granting such relief, the court *must be convinced that litigation sooner or later appears to be unavoidable.* Consequently, where it appears that the facts alleged disclose that either the statute of limitations or the doctrine of laches is applicable thereto, there is no justiciable controversy as contemplated by the Declaratory Judgments Act." (emphasis added)

In an Annotation in 12 A.L.R. 52, 74, there appears the following:

"In North Eastern Marine Engineering Co. v. Leeds Forge Co. [1906] 1 Ch. 324, 94 L.T.N.S. 56, 75 L. J. Ch. N.S. 178, 54 Week Rep. 370, 22 Times L.R. 178, it is held that a declaration will not be made to the effect that the plaintiffs have a good ground of defense if the defendant should sue them for damages for the infringement of a certain patent. The court said that the mere fact that A. is supposed to contemplate bringing an action against B., or that A. may have stated that he has ground for such an action, does not entitle B. to bring an action against A. to have it declared that A. has not a cause of action against B."

**[3]**    Applying these principles of law to the facts in the case under consideration, we conclude that the mere threat of an action to rescind a sale of personal property, or to sue for damages, is not sufficient to constitute such an actual controversy as is cognizable under the Uniform Declaratory Judgment Act.

"The essential distinction between an action for declaratory judgment and the usual action is that no actual wrong need have been committed or loss have occurred in order to sustain the declaratory judgment action, but there must be no uncertainty that the loss will occur or that the asserted right will be invaded." 22 Am. Jur. 2d, Declaratory Judgments, § 1. In the instant case there is no certainty that the defendant will bring the action that is threatened in the letter written by his attorney. There is therefore no certainty that a loss will occur or that a right will be invaded.

"It would appear that declaratory relief was unknown at common law, inasmuch as the common-law conception of courts was that they were a branch of the government created to redress private wrongs and punish the commission of crimes and misdemeanors. The courts took no official interest in the affairs of civil life until one person had wronged another; then the object was to give relief for the injury inflicted." 22 Am. Jur. 2d, Declaratory Judgments, § 3.

[4]     The main distinction in the law between this case concerning personal property and the law in the companion case of *William M. York, Jr., and Frank W. York v. George F. Newman, Jr., Trustee,* concerning real property is that there is no statute in North Carolina giving rise to a cause of action for simply claiming an interest in personal property. We find no statute giving rise to a cause of action to determine adverse claims against one who may threaten to sue another for damages to rescind a sale of personal property. In the York case concerning real estate, the applicable statute, G.S. 41-10, provides that "an action may be brought by any person against another who claims an estate or interest in *real property* adverse to him for the purpose of determining such adverse claims." The statute provides that the claiming of an interest in real property adverse to another gives rise to the cause of action. The General Assembly could have but did not include personal property under the provisions of this statute.

We are of the opinion that the complaint does not allege a justiciable cause of action and that the demurrer should have been allowed. The judgment of Judge Crissman overruling the demurrer is

Reversed.

CAMPBELL and MORRIS, JJ., concur.