JACK M. TAYLOR, JR. AND WILLIAM H. TAYLOR, PLAINTIFFS v. JACK M. TAYLOR, SR. AND EVELYN V. TAYLOR TRUST, ROBERT N. PAGE, III, TRUSTEE; EVELYN V. TAYLOR; AMANDA LAWSON; ALEX McCASKILL AND WINGATE UNIVERSITY, (FORMERLY WINGATE COLLEGE), DEFENDANTS

No. COA00-789

(Filed 5 June 2001)

**Trusts— inter vivos—declaratory judgment—contingent beneficiaries—motion to dismiss proper**

The trial court did not err by granting defendants' motion to dismiss under N.C.G.S. § 1A-1, Rule 12(b)(6) based on plaintiffs' failure to state a claim upon which relief may be granted in their complaint seeking a declaratory judgment regarding a trust, because: (1) plaintiffs admit they are only contingent benefici-

aries of the trust and as such are not entitled to monetary relief from either defendant stepmother or the trust at this point in time; (2) the assets which plaintiffs are requesting declaratory judgment did not belong to their father at the time of his death since he transferred them to his wife by inter vivos transfer, meaning plaintiffs' interest in those assets are not only contingent upon defendant's preceding estate ending but also upon her transfer of those assets into the trust either by inter vivos transfer or by will; and (3) the additional contingency disallows plaintiffs' interest from being considered vested as to the assets transferred by their father to his wife.

Appeal by plaintiffs from orders entered 24 January 2000 and 9 February 2000 by Judges Catherine C. Eagles and Russell G. Walker, Jr., respectively, in Moore County Superior Court. Heard in the Court of Appeals 18 April 2001.

> *Haywood, Denny & Miller, L.L.P.,* by B. M. Sessoms and Thomas H. Moore, *for plaintiff-appellants.*

> *Webb & Graves, PLLC,* by Rick E. Graves, *for defendant-appellees Evelyn V. Taylor, Amanda Lawson and Alex McCaskill.*

> *Page and Page,* by Robert N. Page, III, *Trustee for defendant-appellee Jack M. Taylor, Sr. and Evelyn V. Taylor Trust.*

HUNTER, Judge.

Plaintiff-appellants Jack M. Taylor, Jr. and William H. Taylor (herein collectively, "plaintiffs") appeal: (1) the trial court's grant of defendant-appellees', Jack M. Taylor, Sr. and Evelyn V. Taylor Trust (herein individually, "the Trust") and Robert N. Page, III, Trustee, motion to dismiss for misjoinder pursuant to N.C.R. Civ. P. 21; and (2) the trial court's grant of defendant-appellees', Evelyn V. Taylor, Amanda Lawson, and Alex McCaskill (herein collectively with the Trust and Trustee, "defendants"), motion to dismiss pursuant to N.C.R. Civ. P. 12(b)(6). (Notably, plaintiffs voluntarily dismissed their claims against Wingate University pursuant to N.C. Gen. Stat. § 1A-1, Rule 41(a).) We agree that plaintiffs have failed to state a claim upon which relief may be granted. Thus, we affirm the trial court's orders.

Since defendants provide no factual background in their brief to this Court, we accept the facts as presented by plaintiffs as true.

Those pertinent to the case are as follows: On 21 June 1991, defendant Jack M. Taylor, Sr. and his second wife, defendant Evelyn V. Taylor ("Mr. and Mrs. Taylor") created an irrevocable living trust, making themselves the lifetime beneficiaries. Mr. Taylor's three children (plaintiffs and Jim Taylor—not a party to this lawsuit) by a prior marriage, and Mrs. Taylor's two children (Amanda Lawson and Alex McCaskill) also by a prior marriage, were named remainder beneficiaries of the Trust. The Trust agreement specifically provided that,

> when both Jack M. Taylor[, Sr.] and Evelyn V. Taylor are deceased, the Trustee shall collect all property of the Trust whether due the Trust by Will or otherwise. All such property, together with all other property constituting this Trust shall then be divided into five (5) equal shares[] . . . [with each of Jack and Evelyn Taylor's five children from prior marriages] receiv[ing] one of the aforementioned equal shares. . . .

However, Mr. and Mrs. Taylor created the Trust with an initial deposit of only $100.00. Also on 21 June 1991, Mr. Taylor executed his last will and testament in which, except for a few specific things mentioned in the codicil of the will, he granted a life estate to Mrs. Taylor and thereafter bequeathed

> [a]ll of the rest, residue and remainder of my Estate, all of my property of every sort, kind and description, real, personal and mixed, wheresoever located, whether now owned or hereafter acquired, all of my residuary Estate, all of my property not otherwise disposed of in this Will and/or by the Codicil aforementioned, I give, will, devise and bequeath as follows: 10% . . . thereof to First Baptist Church . . . , 10% . . . thereof to Wingate College; and 80% . . . to the Jack M. Taylor and Evelyn V. Taylor Trust . . . .

Between 1988 and the time that he died, Mr. Taylor "transferred his bank accounts, stock holdings, and real estate holdings to his wife, with Mrs. Taylor either taking sole or joint ownership for the various assets. . . . These transfers . . . involved more than $2 million in assets." According to plaintiffs:

> At the time the trust was created, Mr. Taylor was a defendant in a pending civil action filed by the Environmental Protection Agency in the United States District Court . . . . The action, filed pursuant to Section 107 of the Comprehensive Environmental

Response, Compensation and Liability Act . . . sought reimburse-
ment costs for a "Superfund" site being cleaned up in Moore
County. The site had been used as a dump by a company once
owned by Mr. Taylor. . . .

Thus, plaintiffs believe

the above conveyances and transfers by [Mr.] Taylor were moti-
vated by [the] civil action against him . . . .

. . .

[And that it was Mr. Taylor's intent that he] would transfer and
convey such property to [Mrs.] Taylor and she would transfer and
convey the property to the Trust either by *inter vivos* transfer or
by will[. T]hus the property would be available to [Mr. and Mrs.
Taylor] during their joint lives, to [Mr.] Taylor upon [Mrs.] Taylor's
prior death; and upon the death of the survivor the remainder of
the property would be divided equally between [Mr.] Taylor's
three children . . . and [Mrs.] Taylor's two children . . . .

(Emphasis added.)

On 12 May 1994, Mr. Taylor died. During the administration of Mr.
Taylor's estate, plaintiffs encouraged and requested Mrs. Taylor to
fund the Trust with the assets transferred to her by Mr. Taylor.
Though "Mrs. Taylor did not deny that the trust was created with the
intention that it would be funded with these assets, [she] took no
steps to [so fund the Trust]." Following the probate of Mr. Taylor's
will, the Trust received $3,405.10 from Mr. Taylor's estate. Thereafter,
on 9 September 1999, Mrs. Taylor offered to "transfer her home (and
its contents) . . . to the [plaintiffs and their brother Jim,]" on condition
that plaintiffs release her, "her family and her agents" from any fur-
ther liability as to Mr. Taylor's assets or the Trust. Plaintiffs declined
Mrs. Taylor's offer and instead, on 1 October 1999, instituted an
Action for Declaratory Judgment (pursuant to N.C. Gen. Stat. § 1-253
(1999)) requesting the trial court settle the parties' respective rights
and obligations regarding the Trust. On 7 October 1999, Mrs. Taylor
filed an Offer of Judgment with the trial court, which made the same
offer of the family home to be transferred to plaintiffs and their
brother, Jim. Then on 8 November 1999, defendants Mrs. Taylor,
Amanda Lawson and Alex McCaskill filed a motion to dismiss for fail-
ure to state a claim upon which relief may be granted, pursuant to
N.C. Gen. Stat. § 1A-1, Rule 12(b)(6). That motion was granted on 20
January 2000. Finally, on 9 February 2000, the trial court granted a

TAYLOR v. TAYLOR

[143 N.C. App. 664 (2001)]

motion to dismiss in favor of the Trust and Trustees, dismissing them as parties to the lawsuit pursuant to N.C. Gen. Stat. § 1A-1, Rule 21 regarding misjoinder of parties. Plaintiffs appeal.

Plaintiffs bring forward two assignments of error. However, due to our disposition of the first, we need not address the second. Plaintiffs assign error to the trial court's grant of defendants' motion to dismiss pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6), arguing that "plaintiffs' complaint states a claim under the Declaratory Judgment Act" and therefore, they are entitled to have the trial court issue the requested declaration. We disagree.

It has long been the law in North Carolina that:

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of a complaint. *Harris v. NCNB*, 85 N.C. App. 669, 670, 355 S.E.2d 838, 840 (1987). This Court has summarized the trial court's duty in ruling upon such a motion as follows:

*"In order to withstand [a 12(b)(6) motion], the complaint must provide sufficient notice of the events and circumstances from which the claim arises, and must state allegations sufficient to satisfy the substantive elements of at least some recognized claim.* The question for the court is whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory, whether properly labeled or not. In general, 'a complaint should not be dismissed for insufficiency *unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim.'* "

*Id.* at 670-71, 355 S.E.2d at 840 (citations omitted).

*Werner v. Alexander*, 130 N.C. App. 435, 437-38, 502 S.E.2d 897, 899-900 (1998) (emphasis added and emphasis in original). Thus, in the case at bar, where plaintiffs' claim is that they are entitled to have a declaratory judgment rendered by the trial court, plaintiffs' complaint must establish every element of the claim.

Our Supreme Court has clearly outlined the elements a plaintiff must establish in order to be entitled to a declaratory judgment regarding a will or trust:

"Where, . . . it appears from the allegations of the complaint in an action instituted under the authority and pursuant to the provi-

sions of the act, (1) that a real controversy exists between or among the parties to the action; (2) that such controversy arises out of opposing contentions of the parties, made in good faith, as to the validity or construction of a . . . will [or, as in the present case, a trust] . . . ; and (3) that the parties to the action have or may have legal rights, or are or may be under legal liabilities which are involved in the controversy, the court has jurisdiction, and on the facts admitted in the pleadings or established at the trial, may render judgment, declaring the rights and liabilities of the respective parties, as between or among themselves, and affording the relief to which the parties are entitled under the judgment." *Light Co. v. Iseley*, [203 N.C.] at page 820, [167 S.E. at page 61 (1933).]

*Little v. Trust Co.*, 252 N.C. 229, 243, 113 S.E.2d 689, 701 (1960). Further, under N.C. Gen. Stat. § 1-253, our General Assembly has given:

Courts of record within their respective jurisdictions . . . power to declare rights, status, and other legal relations, whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect; and such declarations shall have the force and effect of a final judgment or decree.

*Id.* Therefore, we focus on whether plaintiffs have met their burden in showing that ". . . 'there is an actual or real existing controversy between parties having adverse interests in the matter in dispute.' " *Adams v. Dept. of N.E.R. and Everett v. Dept. of N.E.R.*, 295 N.C. 683, 703, 249 S.E.2d 402, 413-14 (1978) (quoting *Lide v. Mears*, 231 N.C. 111, 118, 56 S.E.2d 404, 409 (1949)). In the present case, we find that plaintiffs have failed to show an actual controversy between themselves and defendants.

It is true that an action for declaratory judgment may be maintained without a showing that there has been a wrong done or an actual loss incurred. *McCabe v. Dawkins*, 97 N.C. App. 447, 449, 388 S.E.2d 571, 572, *cert. denied*, 326 N.C. 597, 393 S.E.2d 880 (1990). However, *plaintiff must prove that an actual loss is certain to occur or that an asserted right will be invaded*. *Newman Machine Co. v Newman*, 2 N.C. App. 491, 494, 163 S.E.2d 279, 281 (1968), *rev'd on other grounds*, 275 N.C. 189, 166 S.E.2d 63 (1969).

Looking to the facts of the present case, plaintiffs admit that they are only "contingent beneficiaries" of the Trust and as such, "[p]laintiffs are not entitled to monetary relief from either Mrs. Taylor or the . . . Trust at this point in time . . . ." Plaintiffs further state in their complaint that they *believed* Mr. Taylor desired Mrs. Taylor to "transfer and convey the property to the Trust *either by inter vivos transfer or by will[.]*" (Emphasis added.) Moreover, plaintiffs admit that it was their father's intent that "the property . . . be available to [both himself and Mrs. Taylor] during their joint lives . . . and upon the death of the survivor the remainder of the property . . . be divided equally between [the five] children . . . ." Nonetheless, plaintiffs argue that "Mrs. Taylor has a[] duty to provide additional assets for the trust . . . ," which Mrs. Taylor has, by her actions if not expressly, refused to do thus far; and therefore, plaintiffs are entitled to the requested declaratory judgment. We find plaintiffs' own argument thwarts their claim.

Applying the law to the facts where, as here, plaintiffs' only actual ". . . 'loss . . . or . . . asserted right [to] be invaded' " (*Newman Machine Co.*, 2 N.C. App. at 494, 163 S.E.2d at 281 (quoting 22 Am. Jur. 2d, *Declaratory Judgments*, § 1)) is based on a contingency interest, plaintiffs must necessarily have demonstrated in their complaint that the contingency would be satisfied so that their right was certain to become valid—and thus, could be invaded by defendants.

" 'The remainder is vested, when, throughout its continuance the remainderman and his heirs have the right to the immediate possession whenever and however the preceding estate is determined; or, in other words, *a remainder is vested if, so long as it lasts, the only obstacle to the right of immediate possession by the remainderman is the existence of the preceding estate; or, again, a remainder is vested if it is subject to no condition precedent save the determination of the preceding estate.*' It is the general rule that remainders vest at the death of the testator, unless some later time for vesting is clearly expressed in the will, or is necessarily implied therefrom. It is likewise a prevailing rule of construction with us that adverbs of time, and adverbial clauses designating time, do not create a contingency but merely indicate the time when the enjoyment of the estate shall begin." *Trust Co. v. McEwen*, [241 N.C. 166, 84 S.E.2d 642]; *Priddy & Co. v. Sanderford*, 221 N.C. 422, 424-5, 20 S.E.2d 341. . . .

*Little*, 252 N.C. at 249, 113 S.E.2d at 705 (emphasis added).

TAYLOR v. TAYLOR

[143 N.C. App. 664 (2001)]

Therefore, under Mr. Taylor's will and pursuant to case law, we find that after his death plaintiffs did have a vested, although contingent, interest in the assets of the Trust and the income to be derived therefrom. However, the assets about which plaintiffs are requesting declaratory judgment did not belong to Mr. Taylor at the time of his death—having been transferred by him to Mrs. Taylor by *inter vivos* transfer. Thus, plaintiffs' interest in those assets are not only contingent upon Mrs. Taylor's "preceding estate" ending, but is also contingent upon Mrs. Taylor's transfer of those assets into the Trust either by *inter vivos* transfer or by will. *Id.* at 249, 113 S.E.2d at 705 (quoting *Trust Co. v. McEwen, supra,* at 169, 84 S.E.2d at 644). This additional contingency disallows plaintiffs' interest from being considered vested as to the assets transferred by Mr. Taylor to Mrs. Taylor. *Id.* (Of specific importance here is the fact that Mr. Taylor himself was under no obligation to fund the Trust with those assets either by *inter vivos* or testamentary transfer.)

We find the line of cases regarding life insurance beneficiaries instructive. In those cases where an insured has the right to change— at any time during their lifetime—the designated beneficiary of his or her life insurance policy, our courts have repeatedly stated that

> "the rights of a designated beneficiary do not vest until the death of the insured." *[Fidelity Bankers Life Ins. Co. v. Dortch,* 318 N.C. 378,] 382, 348 S.E.2d [794,] 797 [(1986)]. [Until then, t]he designated beneficiary has a "mere expectancy," *Harrison v. Winstead,* 251 N.C. 113, 117, 110 S.E.2d 903, 906 (1959), which cannot "ripen into a vested interest before the death of the insured." *Russell v. Owen,* 203 N.C. 262, 266, 165 S.E. 687, 689 (1932). "This is true, because the beneficiary whose right, under the policy, or certificate, may thus be taken away, has only a contingent interest therein, which will not vest until the death of the insured." *Wooten v. Grand United Order of Odd Fellows,* 176 N.C. 52, 56, 96 S.E. 654, 656 (1918).

*Pierson v. Buyher,* 330 N.C. 182, 185, 409 S.E.2d 903, 905 (1991). Likewise then, we believe that where, as here, Mrs. Taylor has the right to the assets to the Trust, plaintiffs cannot become vested contingent beneficiaries of those assets until such time as Mrs. Taylor actually makes the transfer—whether in life or death. Again, without being vested beneficiaries, plaintiffs cannot produce evidence necessary to gain a declaratory judgment, namely: that they are certain to suffer an actual loss, or that they have an asserted right which will be invaded. *Newman Machine Co.,* 2 N.C. App. at 494, 163 S.E.2d at 281.

Moreover, if we consider plaintiffs' argument in light of the fact that Mrs. Taylor's right to use the property was unlimited, even if she had an obligation to transfer into the Trust those assets she did not exhaust, we believe it is feasible that Mrs. Taylor could theoretically need and use all of the assets to support herself until her death. Under such circumstances, there would be no loss to plaintiffs because there would be no assets to be transferred into the Trust. Further, because plaintiffs admit that Mrs. Taylor can transfer the remaining assets *post mortum* by will, it must also be undisputed that she is under no obligation to transfer the assets while she is living. Until Mrs. Taylor dies, plaintiffs' contention that Mrs. Taylor refuses to fund the Trust while living, are irrelevant and groundless as plaintiffs have no vested interest in the property. Therefore, under these circumstances, plaintiffs have failed to state a claim upon which relief may be granted, and the trial court did not err in granting defendants' Rule 12(b)(6) motion.

Affirmed.

Judges WALKER and TYSON concur.