ADELE L. SHREVE HARVEY, Appellant, *vs.* BLAND BALLARD
*et al.* Appellees.

*Opinion filed October 25, 1911—Rehearing denied Dec. 7, 1911.*

1. WILLS—*rule in Shelley's case does not apply unless both estates are of same quality.* The rule in *Shelley's* case does not apply unless the freehold estate limited to the ancestor and the remainder to the heirs are of the same quality,—that is, both legal or both equitable estates.

2. SAME—*duties of trustee are controlling as to quantity of estate which he takes.* Where there is a devise, in terms, to a trustee, either with words of inheritance or (under section 13 of the Conveyance act) without such words, the devise is *prima facie* of a fee unless limited or restrained by other provisions of the will, and to determine whether the estate so devised is restrained or limited the nature of the trust and duties of the trustee are to be considered and are always controlling as to the quantity of estate which the trustee takes.

3. SAME—*a trustee takes such an estate as the purposes of the trust require.* If a trustee is required to collect and pay the rents of property for a definite period he will take an estate for years; if he is charged with such duties for the life of an individual he will take an estate for the life of such person, and if his duties are of indefinite duration he will take the fee.

4. SAME—*it is not necessary that there be a formal devise to the trustee.* It is not necessary that there be a formal devise to the trustee, but he will acquire an estate commensurate with the powers conferred and the purposes to be accomplished.

5. SAME—*when trustee takes legal estate for life of life tenant.* Where a will directs that the property be divided and that one-half of each share be set apart and conveyed to a trustee, to be held for the use and benefit of each child during his or her life and then to descend to his or her heirs, and requires the trustee, after paying the taxes and insurance and keeping the property in repair, to pay the rent to each child in person, quarterly, there being no further duties required, the trustee, when the conveyance to him is made, takes a legal estate for the life of the child, in trust for her for life, and a legal remainder passes under the will to those persons who answer the description of her heirs at her death.

6. SAME—*word "descend," used in will, may mean to pass. under the will.* While the technical meaning of the word "descend" is to pass by inheritance by operation of law, yet it may be used in a will as meaning that the title shall pass by virtue of the will

in the manner in which property descends without any conveyance, and as distinguished from a conveyance by grant.

7. SAME—*construction of will cannot be made to depend upon subsequent facts.* ·The construction of a will cannot be made to depend upon subsequent facts or conditions arising many years after the will took effect, and the mere fact that it would have been better to have authorized a trustee to make long-term leases beyond the period of the active trust or to mortgage the property for making improvements, which would require the trustee to take the fee, does not warrant construing the will to that effect, where there is nothing to indicate such an intention.

8. SAME—*what does not show an intention to vest trustee with fee.* An expression in a will fo the effect that the testator desired that the one-half of each child's share which was to be set apart and conveyed to a trustee should be income-paying real estate, and that he believed such half would give each child a comfortable living if unfortunate in business, or otherwise, does not show an intention to give the trustee power to provide for a continuous income by making long-term leases or mortgaging the land, which would require him to hold the fee.

APPEAL from the Circuit Court of Cook county; the Hon. LOCKWOOD HONORE, Judge, presiding.

HERRICK, ALLEN & MARTIN, and HERBERT POPE, for appellant.

ALBERT M. KALES, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

On August 22, 1910, the appellant, Adele L. Shreve Harvey, whose name was then Adele L. Shreve Ballard, and who was the widow of Bland Ballard, deceased, but has since been married to Paul Harvey, filed her petition under the Burnt Records act in the circuit court of Cook county against her children, Bland Ballard, Shreve Ballard and Belle Sheridan Ballard, and others, who are appellees, alleging that she was the equitable owner in fee simple of a lot in Chicago by virtue of the last will and testament

of her father, Thomas T. Shreve, of the city of Louisville, in the State of Kentucky, the legal title to which lot had been conveyed to her late husband, Bland Ballard, as trustee under said will, and 'had descended to said children as his heirs-at-law. Appellant claimed that by paragraph 12 of said will the testator devised to her an equitable life estate and limited an equitable remainder in fee simple to her heirs, so that by the operation of the rule in *Shelley's case* she derived an equitable estate in fee simple, and was entitled to receive from her said children, as heirs-at-law of Bland Ballard, deceased, a conveyance of the legal title to the lot. Her prayer was that the court establish and confirm her equitable title in fee simple absolute and decree that the legal title to the lot be by proper deed or deeds conveyed to her. Two of the children were infants, and Albert M. Kales, an attorney of this court, was appointed their guardian *ad litem*. Answers and replications having been filed, the cause was referred to a master in chancery, who took and reported to the chancellor the evidence, with his conclusion, in accordance with the allegations and prayer of the petition. The chancellor heard the cause on exceptions to the master's report, sustained the exceptions, and dismissed the petition for want of equity at the cost of the appellant. This appeal followed.

The will of Thomas T. Shreve was made and signed on March 1, 1867, and he died November 5, 1869. After making specific bequests he directed a division of the residue of his estate into five equal parts. He then gave two-fifths to two of his children, (one-fifth to each,) and the remaining three-fifths he willed to his wife and her three children, Mattie Belle, Thomas William and Adele Lawrence Shreve, the appellant, one-fourth to each, subject to the conditions and restrictions named in the will. Paragraph 12, under which the appellant claims the fee simple title, is as follows: "As soon after my death as it can be conveniently done, I wish my executor hereinafter named,

after first setting apart a fund sufficient to pay the above named special devises and incidental expenses, to make out a full and complete list and schedule of all my estate, of every character and description, real, personal and mixed, in the State of Kentucky and elsewhere, and hand the same to the following named persons, to-wit: James W. Henning, A. C. Badger and A. Harris, who, or any two of whom, I desire to proceed to value it and divide it into five equal shares upon the principles hereinbefore indicated. One-half of each share (which half I wish to be income-paying real estate) I desire to be set apart and conveyed to a trustee, to be held for the use and benefit of each child during his or her life and then to descend to his or her heirs, without any power or right on the part of said child to encumber said estate or anticipate the rents thereof, but said trustees shall collect said rents, and, after paying taxes, insurance and keeping the property in repair, pay the rent to the child in person, quarterly, or as the same may be collected according to the terms of the lease; the other half of each share I wish conveyed to each child in fee, to do with as he or she may please. In placing this restriction upon one-half of the estate I give my children I do not wish it understood that I distrust their capacity to manage their own affairs, for I do not, but I believe one-half a share that each will receive will afford ample means to commence and conduct a respectable business, and as the other half will give them a comfortable living in the event that they should be unfortunate in business or otherwise, and now having it in my power, it is my pleasure, as I believe it to be my duty, to shield and protect them against casualties and accident as far as possible." Paragraph 14 is as follows: "The one-fourth of three-fifths of my estate devised to my wife I give her in fee, to do with as she pleases." A division of the estate was made as directed by the will, and the lot involved in this suit was a part of the share set off to be held in trust for the appellant. After-

ward, upon the petition of the executor to the Louisville chancery court in the State of Kentucky, a trustee was appointed to receive said share of the appellant, to be held in trust, and the commissioner of the court executed a deed of the property to the trustee under the direction of the court, "to be held by him as trustee and in trust for the said Adele L. Shreve, under and in accordance with all the powers, provisions, limitations and restrictions and as directed by the will of said Thomas T. Shreve, deceased." That deed was dated July 1, 1870, and there have been successive trustees under decrees of the Louisville chancery court to whom the property was conveyed upon the same terms and conditions, the last trustee being Bland Ballard, husband of the appellant, who died leaving her his widow and the three children above named as his heirs-at-law.

The life estate of the appellant in the property conveyed to the trustee is equitable, and the only question to be determined is whether the remainder limited to her heirs is equitable or legal. If the remainder to the heirs is equitable, then, under the rule in *Shelley's case,* the appellant has an equitable title in fee simple; but if the remainder is legal, the word "heirs" is a word of purchase and not of limitation and the appellant has only an equitable life estate, because the rule does not apply unless the freehold estate limited to the ancestor and the remainder to the heirs are of the same quality,—that is, they must both be legal or both equitable. (*Lord* v. *Comstock,* 240 Ill. 492.) A very full statement of the rule quoted in *Baker* v. *Scott,* 62 Ill. 86, from Preston on Estates, is this: "When a person takes an estate of freehold, legally or equitably, under a deed, will or other writing, and afterward, in the same deed, will or writing, there is a limitation, by way of remainder, with or without the interposition of any other estate, of an interest of the same quality, as legal or equitable, to his heirs generally or his heirs of his body by that name in deeds or writings of conveyance and by that or some such name in

wills, and as a class or denomination of persons to take in succession from generation to generation, the limitation to the heirs will entitle the person or ancestor himself to the estate ·or interest imported by that limitation."

The will did not, in terms, devise the property, or any estate in it, to the trustee, either with or without words of inheritance, but directed a division of the residue of the estate and a conveyance to a trustee of one-half of each share, to be held for the use and benefit of each child during his or her life. A conveyance was made to a trustee in trust for appellant under and in accordance with all the powers, provisions, limitations and restrictions and as directed by the will, and the other half was conveyed to her in fee, to do with as she pleased. The estate of the trustee is therefore the same as if there had been a devise to him on the trusts declared by the will. Where there is a devise in terms to a trustee, either with words of inheritance, or, under section 13 of the Conveyance act, without such words, the devise is *prima facie* of a· fee, unless limited or restrained by other provisions of the will. To determine whether an estate so devised in terms is restrained or limited, the nature of the trust and the duties of the trustee are to be considered and are always controlling as to the quantity of the estate which the trustee takes. His estate in every case will depend upon the exigencies of the trust and the duties imposed upon him. Whatever the form of the devise and whether words of inheritance are used or not, the trustee will take so much of the legal estate as the purposes of the trust require. It is not necessary that there should be a formal devise to the trustee, but he will acquire an estate commensurate with the powers conferred and the purposes to be accomplished. If the fee is required it will be taken, and if the trustee will be enabled to execute the trust with a less estate, that alone will vest in him. If a trustee is required to collect and pay the rents of property for a definite period he will take an estate for years. If

he is charged with such duties for the life of an individual he will take an estate for the life of that person, and if his duties are of indefinite duration he will take the fee. (*West* v. *Fitz,* 109 Ill. 425; *Kirkland* v. *Cox,* 94 id. 400; *Green* v. *Grant,* 143 id. 61; *Lawrence* v. *Lawrence,* 181 id. 248; *McFall* v. *Kirkpatrick,* 236 id. 281; *Emmerson* v. *Merritt,* 249 id. 538.) In this case the conveyance was to be made to a trustee, to be held for the use and benefit of each child during his or her life, and the ordinary and natural meaning of those words is that the trustee for appellant was to have an estate during her life. The powers and duties of the trustee were declared to be to collect rents, and, after paying taxes, insurance and keeping the property in repair, pay the rent to the child in person, quarterly, or as the same might be collected according to the terms of the lease. All duties of the trustee will end at the death of appellant, and he is given no power and charged with no duty to do anything afterward. There is no provision for a conveyance to the heirs, but the testator's intention was that the fee should pass to them, without the aid of any conveyance, upon the death of the appellant. While the legal and technical meaning of the word "descend" is to pass by inheritance by operation of law, it is clear that the testator used it as meaning that the title should pass, by virtue of his will, in like manner as property descends without any conveyance and as distinguished from a conveyance or grant.

The argument for appellant rests upon the statements of the will that the testator desired the one-half of each share which was to be set apart and conveyed to a trustee to be income-paying real estate, and that he believed such half would give to each child a comfortable living if unfortunate in business, or otherwise. Counsel find in these statements an intention of the testator that a trustee should have all the powers necessary to provide a continuous income sufficient to afford the appellant a comfortable living

during the existence of the trust, and therefore an intention that the trustees should have power to execute long-term leases beyond the life of the appellant and to mortgage the fee so as to maintain the income-paying character of the property. The testator had been leasing this lot for five years at a time, but he did not select this piece of property, or any other, to be conveyed to a trustee. He merely directed that in the division income-paying property should be set apart and conveyed to a trustee, and the persons entrusted with the division exercised their judgment in selecting the lot as property that would produce income. If the will shows an intention of the testator that the trustee should have such powers as the making of leases for ninety-nine years or mortgaging the property, the trustee would necessarily take the fee, because where a lease or mortgage is made by a trustee, not under a mere power, the grant is out of the estate of the trustee. It is probably true that greater income could be obtained if the trustees had power to make long-term leases or to encumber the fee by a mortgage, but we find nothing in the will to justify the belief that the testator intended to grant any such powers. It might well be that the testator believed that his property was of such character and extent that under the terms of the will a comfortable living would be afforded to each child, but if it has turned out differently, that fact ought not to override a clearly expressed intention as to the extent of the trustee's estate for the sole purpose of vesting the entire fee simple title in the appellant and destroying the remainder. An argument that it would have been better if the testator had given the trustee power to lease for any term beyond the period of the active trust or to mortgage the property for the purpose of making improvements, which would have given the trustee a fee simple title, would not authorize an alteration of the will. The construction of the will cannot be made to depend upon subsequent facts or conditions arising forty years after

the will took effect. When the conveyance was made to the trustee as directed by the will he took a legal estate for the life of the appellant in trust for her for her life, and a legal remainder was devised to those persons who will answer the description of her heirs at the time of her death.

The chancellor gave a correct construction of the will, and the decree is affirmed.

*Decree affirmed.*