(No. 25969.—)

LeRoy Elliott, Appellant, *vs.* Jessie C. Brintlinger *et al.* Appellees.

*Opinion filed February 18, 1941—Rehearing denied April 8, 1941.*

Walter T. Day, for appellant.

Whitley & Whitley, for appellees.

Mr. Justice Farthing delivered the opinion of the court:

LeRoy Elliott filed a complaint in the circuit court of Macon county to construe the will of Annie L. Brown,

deceased. He claimed that the part of the estate devised in trust for the benefit of Alma May Elliott lapsed because she predeceased the testatrix, and that this part of the estate descended as intestate property. The chancellor decreed against him as to this claim, construed the will to give that part of the estate to the remainderman, Jessie C. Brintlinger, assessed the costs against appellant and found that he took only the legacy of $1000. A freehold is involved, and LeRoy Elliott has appealed directly to this court.

Testatrix executed her will May 26, 1930, at which time she had two daughters, appellee, Jessie C. Brintlinger and Alma May Elliott, the mother of appellant. Alma May Elliott died in January, 1936, and left her son, the appellant, as her only heir. Annie L. Brown died in December, 1938.

The controversy arises out of the second and sixth paragraphs of the will. After appointing Alma May Elliott and Jessie C. Brintlinger executrices and providing for payment of all claims, the testatrix, by the second paragraph, gave one-half of the remainder of all her estate to Jessie C. Brintlinger absolutely in fee simple. The other half of the estate was devised and bequeathed to Jessie C. Brintlinger as trustee to pay the income to Alma May Elliott "for her reasonable maintenance and support during the term of her natural life. Should * * * Alma May Elliott * * * not have sufficient income for her reasonable maintenance and support, then * * * said trustee is hereby authorized and directed to pay over unto her, so much of the principal of her share of my estate as shall be necessary for her comfortable maintenance and support." The sixth clause of the will provided: "Should my daughter, Alma May Elliott née Brown depart this life, leaving any portion of said Trust Estate in the hands of said Trustee, then and in such case, I do hereby give and devise all of such Trust Property so remaining after

the death of my daughter, Alma May Elliott unto my daughter Jessie C. Brintlinger, if living, and if dead, then to the children of her body surviving, in equal part, share and share alike." In the third clause the testatrix bequeathed LeRoy Elliott, appellant, the sum of one hundred dollars, "as his full share and part of my estate." A codicil which was executed in November, 1936, after the death of Alma May Elliott, changed this legacy to $1,000, and in all other respects ratified and confirmed the will. .

LeRoy Elliott insists the trust provisions in the will for his mother lapsed by reason of her death prior to the death of the testatrix; that although the sixth paragraph of the will provided that all of the unused trust estate should pass to appellee, it did not provide for the specific contingency of Alma May Elliott, the beneficiary, dying before the testatrix and did not give appellee the trust estate. He says that the trust estate therefore descended as intestate property. On the other hand, Jessie C. Brintlinger argues that she received the property directly by devise and not as a result of a lapse; that the second paragraph created a trust during the lifetime of Alma May Elliott; that the sixth paragraph gave appellee the remainder in fee; that this remainder was accelerated by the death of Alma May Elliott before the death of the testatrix and that the entire estate is therefore vested in appellee.

By the second paragraph of the will Jessie C. Brintlinger was given an estate as trustee for the life of Alma May Elliott. By the sixth paragraph of the will, she was also given the remainder in fee. (*Harvey* v. *Ballard,* 252 Ill. 57; *Morris* v. *Phillips,* 287 id. 633.) Appellant claims that the interest which was devised to appellee by the sixth paragraph is not a remainder. However, the trust estate and the interest of Jessie C. Brintlinger were created at the same time and by the same instrument. Her interest

was created by the express terms of the will. She took from the testatrix directly, by words of purchase, and not through the trust by words of limitation. Her interest was not affected in any manner by the trust, except as to time of enjoyment. Her right to possession arose immediately on the termination of the prior estate. The interest is a remainder. (*Morris* v. *Phillips, supra.*) Where there is a life estate to one with remainder to another, as in the instant case, if the life estate fails for any reason, the remainder is accelerated. (*Sherman* v. *Flack,* 283 Ill. 457; *Danz* v. *Danz,* 373 id. 482; *Blatchford* v. *Newberry,* 99 id. 11.) This doctrine is based upon the presumed intention of the testator that the remainderman should take upon the happening of any event that prevents, destroys or terminates the prior estate. (*Sherman* v. *Flack, supra.*) Here, no other reason for postponement of the right of possession on the part of Mrs. Brintlinger appears in the will, except to permit Mrs. Elliott to enjoy the beneficial interest in the trust property for her lifetime. The will manifests an intention of the testatrix that LeRoy Elliott should receive only the specific legacy and the codicil further strengthens this intention in that it increased the amount from $100 to $1000, and ratified and confirmed all the provisions of the will.

Although the doctrine of acceleration applies more commonly where there is a renunciation of the prior estate, it also applies where the preceding estate fails for any reason. In *Jackson* v. *Knapp,* 297 Ill. 213, a similar situation was presented and this court held: "Frank Shoemaker [the life beneficiary] having died before the will took effect, so that the devise and the trust for his benefit failed, the remainder was accelerated and took effect at once." See, also, *In re Fordham's Will,* 139 N. E. (N. Y.) 548; *U. S. Trust Company of New York* v. *Hogencamp,* 84 N. E. (N. Y.) 74.

Appellant's contention that when Mrs. Elliott died prior to the death of testatrix, the devise lapsed and the property involved should be distributed under the Descent act as intestate estate, is based on holdings where there was no further disposition of the property in the will. There is no lapse if the will provides a gift over to a second devisee or legatee after the death of the first. (*Glover* v. *Condell,* 163 Ill. 566; *Tea* v. *Millen,* 257 id. 624, and *Robinson* v. *Female Orphan Asylum,* 123 U. S. 703, 31 L. ed. 293.) Appellant argues that the whole of the gift is inoperative because the failure of the trust frustrates the whole scheme of the testatrix. The will does not admit of any such construction. The intention of the testatrix is plain that Jessie C. Brintlinger should have the trust property remaining after the death of the beneficiary, and her intention is carried out only by upholding the gift and by accelerating the remainder.

The decree of the circuit court of Macon county is affirmed.

*Decree affirmed.*