INEZ LAMON ELSASSER v. NELSON A. ELSASSER, individually and as Executor of the Estate of LEONARD N. ELSASSER, deceased, HULDA N. ELSASSER and DAVID N. ELSASSER.

32 So. (2nd) 579                                    June Term, 1947
November 21, 1947                                      Division B

*Ella Jo Stollberg,* for appellant.

No appearance for appellee.

BUFORD, J.:

Leonard N. Elsasser executed a will which, inter alia, provided:

"SECOND. I give, devise and bequeath all the rest, residue and remainder of my estate, real, personal and mixed, to my executor and trustee, in trust, nevertheless, to pay the two-thirds of the income therefrom to my wife, Inez Lamon Elsasser, for and during the term of her natural life, and one-third thereof to my father, Nelson A. Elsasser, or, if he be deceased, to my said wife Inez Lamon Elsasser and at and upon her deceased to divide the corpus as follows: one-fourth thereof to the heirs of my wife, Inez Lamon Elsasser: one-fourth thereof to my father, Nelson A. Elasser, or if he be deceased to his heirs, one-fourth thereof to my mother Hulda N. Elsasser, or if she be deceased, to her heirs; and one-fourth thereof to my brother David N. Elsasser, or if he be deceased to his heirs.

"In making distribution of corpus to the heirs of my said wife, Inez Lamon Elsasser, involving shares of stock of Nathan Realty Company and/or Mona Realty Company, I hereby direct my Executor and Trustee to make payment either in cash at book value thereof or in shares of stock, at his or its discretion.

"I hereby authorize and empower my said Executor and Trustee to sell, convert or exchange any stocks, bonds or other securities belonging to my estate, from time to time and as and when, in his or its judgment, such sale, conversion or exchange shall seem advantageous and for the best interest of the trust herein created, and to invest and re-invest the proceeds and funds of said estate at his or its discretion."

After the death of the donor Nelson A. Elsasser qualified as sole Executor under the will. Thereafter the widow filed a bill of complaint against Nelson A. Elsasser, individually and as Executor of the Estate of Leonard N. Elsasser, deceased, Hulda N. Elsasser and David N. Elsasser for the construction of the will and declaratory decree to determine whether or not she owns in fee simple or legal estate in one-fourth of the corpus of the estate and is entitled to control the same, dispose of by will and otherwise handle same as she may see fit.

Answer was filed admitting allegations of the bill.

The cause was presented to the Circuit Judge for final decree and such decree was entered as follows:

"Upon authority Scott on Trusts, Volume 1 Par. 127.2 and 128, and Bross v. Bross, 123 Fla. 758, 167 So. 669, the Court is of the opinion that the rule in Shelley's case does not apply in this particular trust wherein the plaintiff has a life estate in the equitable interest, and the legal remainder— as distinguished from the equitable remainder—goes to her heirs. The situation would be different had the plaintiff received the equitable interest for life, and then on her death, the equitable interest went to her heirs, for in such an instance the rule in Shelley's case would apply.

"Thereupon

"IT IS ORDERED, ADJUDGED AND DECREED that the bill be dismissed."

698

The learned Chancellor ruled correctly in holding that under the terms of the will the rule in Shelley's case did not apply because the plaintiff took under the will an equitable life estate and the heirs had a legal remainder. See Authorities cited by Chancellor Supra and also Harvey v. Ballard, 252 Ill. 57, 96 N.S. 558; Chamberlin v. Maynes, 182 Pa. 39, 36 Atl. 410.

The decree is affirmed.

So ordered.

THOMAS, C. J., ADAMS and BARNS, JJ., concur.