In the Matter of the ESTATE of Andrew Francis HOWE, Deceased.

Loyd Francis HOWE, Petitioner, Appellant,

v.

Ruth Irene ETCHISON and Russell Howe, Respondents.

No. 31541.

St. Louis Court of Appeals.

Missouri.

May 19, 1964.

Motion for Rehearing or to Transfer to Supreme Court Denied June 22, 1964.

Eugene V. Krell, St. Louis, for petitioner-appellant.

John Grossman, St. Louis, for respondents.

A. Lowell Morris, St. Louis, Co-Executor of the Estate of Andrew Francis Howe, Deceased, and Atty. of Record for the St. Louis Union Trust Co., Co-Executors.

Max W. Soffer, St. Louis, for Louise M. Howe.

BRADY, Commissioner.

This is an action to construe a will. The parties will be referred to by their designation in the trial court. The decision of the

probate court, where this action first began, was in favor of the defendants. This decision was affirmed by the Circuit Court of St. Louis County and from that affirmance the plaintiff appeals.

Article I of the will deals with the appointment of trustees and executors. Article IV deals with the power of the trustees. The provisions of the will pertinent to this inquiry are as follows: "ARTICLE II: I give all of my interest in any home I may leave in Florida, together with the lot of ground on which the home is located, with all other improvements thereon and all my personal effects, including clothing, jewelry, household goods and automobiles, to my wife JESSIE, but if she does not survive me, then I give my interest in my home in Florida, lot of ground and improvements and all other articles mentioned in this Article II, to my daughter, RUTH IRENE ETCHISON, and to my son, RUSSELL RAYMOND HOWE, or to the survivor of them, should either of them fail to survive me.

"ARTICLE III: One-half (½) of all the rest, residue and remainder of my estate of whatsoever kind, real and personal, and wherever situated at the time of my death, I give, devise and bequeath to the Trustees herein named for the following uses and purposes: 'To hold, manage, invest, re-invest and to pay all the income therefrom in installments not less often than quarterly in each year, to my wife, JESSIE, for and during the term of her natural life, and, upon her death, to pay or otherwise dispose of the corpus of this trust to such persons, outright or in trust, and in such manner and proportions as she by her Last Will may appoint. Should she fail to appoint as herein empowered, then upon her death I direct my Trustees to pay over the entire balance of this trust in equal shares unto my son, RUSSELL, and my daughter, RUTH, or unto the survivor of them, the descendants or a deceased child, however, to receive the parent's share per stirpes and not per capita. Should both my son, RUSSELL, and my daughter,

RUTH, predecease my wife, JESSIE, leaving no descendants surviving, and should my wife, JESSIE, fail to appoint as herein empowered, then I direct my Trustees to pay over the corpus of this trust outright and free of trust to the Shriners Hospital for Crippled Children now located in St. Louis, Missouri.' * * *

"ARTICLE V: If my wife, JESSIE, shall die simultaneously with me or under such circumstances as to render it difficult or impossible to determine who predeceased the other, I hereby declare that my wife, JESSIE, shall be deemed to have survived me and that this Will and all of its provisions shall be construed upon that assumption and basis. If my wife, JESSIE, and my children, RUTH IRENE ETCHISON, LLOYD FRANCIS HOWE and RUSSELL RAYMOND HOWE, shall die simultaneously with me or under such circumstances as to render it difficult or impossible to determine who predeceased the other, I hereby declare that it shall be deemed that I shall have survived my wife, JESSIE, and my children, RUTH IRENE ETCHISON, LLOYD FRANCIS HOWE and RUSSELL RAYMOND HOWE, and that this Will and all of its provisions shall be construed upon that assumption and basis.

"ARTICLE VI: I give and bequeath to each of my beloved children, RUTH IRENE ETCHISON, LLOYD FRANCIS HOWE and RUSSELL RAYMOND HOWE, the sum of One ($1.00) Dollar, subject to other provisions herein provided.

"ARTICLE VII: I have heretofore made certain gifts to my son, LLOYD FRANCIS HOWE, to my daughter, RUTH IRENE ETCHISON, and my son, RUSSELL RAYMOND HOWE, all of the same being intended by me as unconditional gifts, and I direct that the same shall not be in any respect deemed as legal advancements to my daughter, RUTH IRENE ETCHISON, or to my sons, LLOYD FRANCIS HOWE and RUSSELL RAYMOND HOWE, nor be taken

into account in settling my estate, or in the distribution of any trust created herein or the income thereof.

"ARTICLE VIII: The remaining one-half (½) of my residuary estate I give, bequeath and devise the sum of Thirty One Thousand ($31,000.00) Dollars to my son, RUSSELL RAYMOND HOWE, and the sum of Twenty Six Thousand Two Hundred ($26,200.00) Dollars to my daughter, RUTH IRENE ETCHISON, and the remainder of said residuary estate, after said payments, shall be divided in equal shares by my sons, RUSSELL RAYMOND HOWE, LLOYD FRANCIS HOWE, and my daughter, RUTH IRENE ETCHISON, or unto the survivor of them, the descendants of any of said deceased children, however, to receive the parent's share per stirpes and not per capita.

"Should both my sons, LLOYD FRANCIS HOWE and RUSSELL RAYMOND HOWE, and my daughter, RUTH IRENE ETCHISON, predecease me and leave no descendants surviving, then this one-half (½) of my residuary estate shall pass to and be paid over, delivered and conveyed unto the Shriners Hospital for Crippled Children now located in St. Louis, Missouri.

"It is further my Will that all inheritance, transfer and other death taxes due and imposed upon and in connection with my estate or any part thereof or on any insurance on my life shall be paid out of this one-half (½) of my residuary estate."

The parties entered into a stipulation of fact. From this it appears that when the will was executed, the testator was married to his second wife, Jessie, who predeceased him. The testator later married his third wife, Louise, who is not mentioned in the will. Louise survived the testator and "elected to take against the will." All of the parties are children born of the deceased's first marriage. It further appears from the stipulation that " * * * [t]he interest in real and personal property testator may have had in the State of Florida

was conveyed away during the lifetime of Andrew Francis Howe, deceased, and after the death of his second wife, Jessie Blaine Howe, and inventory as filed in probate court of the County of St. Louis in the Estate of Andrew Francis Howe, deceased, lists 'GOODS AND CHATTELS— None.'"

The trial court came to two conclusions of law. It first found that the property mentioned in Article II had been disposed of during the lifetime of the testator so that the distributees take nothing. The trial court also found that Article III of the will " * * * has not lapsed and is to be construed so that the property which passed thereunder be distributed in equal shares to RUSSELL RAYMOND HOWE and RUTH IRENE ETCHISON, the persons entitled thereto in said Article at the death of Jessie Blaine Howe, had she survived the deceased, and then died failing to appoint as therein empowered."

The plaintiff prayed the court to construe the will as follows: " * * * passing the first half of the residuary by intestacy, and declaring that no trust was created nor was there manifest and specific provision for remainder over, for failure of beneficiary; that Federal estate taxes and Missouri inheritance taxes, if any, be paid out of the second half of the residuary after satisfaction of the elected share and statutory allowances of Louise M. Howe, surviving spouse, so long as satisfiable therefrom, and that what then remains distributable of the first half of the residuary shall be distributed in equal shares to Russell Raymond Howe, Ruth Irene Etchison and Loyd Francis Howe; and for such other and further orders as to this Court may seem meet, just and propery (sic)." While plaintiff does not so state, the effect of this argument would be a construction of the will totally voiding and ignoring the specific bequests to the defendants.

■ It is to be noted that while the petition recited that Article II was uncertain and conflicting, the prayer did not

contain any specific reference thereto. In his first allegation of error plaintiff complains of the trial court's action in construing Article II. Since it was agreed that the property in Florida had been disposed of during the testator's lifetime, it is obvious the plaintiff cannot be aggrieved by the trial court's ruling construing Article II. Moreover, there can be no doubt but that the trial court correctly ruled the point. "Ademption" is the act by which a specific legacy has become inoperative on account of the withdrawal or disappearance of the subject matter from the testator's estate during his lifetime. Buder v. Stocke, 343 Mo. 506, 121 S.W.2d 852, [3]; 96 C.J.S. Wills § 1172. It follows that plaintiff's contentions in this regard need not be ruled.

■ The appellant's remaining allegation of error deals with the construction of Article III. In effect, although counsel does not use the phrase, he is contending for a partial intestacy. It is his position that, to quote from his brief, "* * * the event which might vest anything in the contingent beneficiaries is failure of Jessie to 'appoint as herein empowered.'" His argument then proceeds on the basis that since Jessie predeceased the testator, she cannot be held to have failed to exercise a power she never had. Accordingly, plaintiff concludes that the trust has failed and insists that failure is tantamount to failure or voidance of the bequest.

■ A will denotes a presumption against partial intestacy. Mercantile-Commerce Bank & Trust Co. v. Binowitz, Mo. App., 238 S.W.2d 893. It should also be noted that the deceased did not change his will after Jessie's death or after his marriage to Louise, approximately one year and six months after the execution thereof. This also is a strong argument against partial intestacy. In Burnett v. McHaney, 347 Mo. 499, 148 S.W.2d 495, 1. c. 497, the court held: "Let us direct our attention to the three contentions made by appellant Jones: First, that the testator died intestate as to

all of his property except the specific legacies. Where there is a will there is a presumption against partial intestacy. This rule is not disputed so we need not cite authorities to support it. * * * In the case before us the testator lived a number of years after the death of his wife. He did not see fit to change his will. That, together with the presumption against partial intestacy, is a strong argument against appellant Jones' contention. In addition to that, the language of clause 7 does not indicate that the testator intended it to be inoperative in case his wife predeceased him. Many wills are written which provide a life estate to the wife, or some other person, with remainder over to certain named legatees. That is a common practice. Unless a will provides in specific terms that such provisions shall not be operative in case the wife or life tenant dies before the testator, the remaindermen take upon the death of the testator, because the event upon which their fee was to vest has occurred. This has been the rule from the early English cases to the present time. See 69 C.J. p. 1054, § 2260 and p. 1058, § 2273, note 30. * * *"

■ The plaintiff not only disregards the presumption against partial intestacy but ignores the plain and unequivocal language of Article III. It does not read that the provisions thereof shall *not* be operative in the event of Jessie's death. Such a provision would mean that the testator contemplated the plaintiff would benefit. That he did not so intend is abundantly clear from the whole will. Neither the reasons for such intention on the part of the testator nor the fairness to the plaintiff of that intention is for this court to consider. This court cannot make a new will nor attempt to make what may seem a more equitable distribution. Mercantile-Commerce Bank & Trust Co. v. Binowitz, supra.

In 96 C.J.S. Wills § 1060, pp. 695–696, the following appears: "Where the event which terminates the trust occurs during

the lifetime of the testator, the testamentary trust never comes into operation and the remainders accelerate and vest as of the testator's death. * * *" (Citing Miller v. Kriner, Mo., 247 S.W.2d 757.) At § 1214, p. 1052 that same work recites: " * * * Thus, where a life tenant dies before the testator, but the person entitled in remainder survives him, the death of the life tenant extinguishes only the life estate, and, as discussed infra § 1227, the remainderman is let into the immediate right to the gift as soon as the will takes effect. * * *" And at § 1227, pages 1085–1086, the following appears: "Where a precedent estate lapses, is void, or for any reason fails, the remainderman takes at once, or on the testator's death, as the case may be, and the heirs have no right of possession during the period for which the precedent estate, if effective, would have endured, unless the evident intention of the testator is that there shall be no acceleration, * * *." (Citing Miller v. Kriner, supra; and Burnett v. McHaney, supra.)

Miller v. Kriner, supra, is a case directly in point. At l. c. 761 of 247 S.W.2d the court held: "Respondents contend that Albert's death prior to the death of testatrix rendered the trust, upon its effective date, to-wit: the death of testatrix, an inactive, dry trust, and that under and by virtue of the Statute of Uses, VAMS and RSMo § 456.020, title to the property passed under the provisions of paragraph (d) of Item VIII.

"The great weight of authority is that when the trust created in Item VIII of Mrs. McFarland's will for the benefit of Albert D. Morris failed by reason of his death prior to that of testatrix, then, in the absence of a manifestation of a contrary intent on the part of testatrix, the entire beneficial interest in the residue of her estate immediately vested under paragraph (d) of Item VIII. Restatement of the Law of Property, Vol. II, § 230, p. 953; Speed v. St. Louis M. B. Terminal Ry. Co., 163 Mo. 111, 63 S.W. 393; Burnett v. Mc-

Haney, 347 Mo. 499, 148 S.W.2d 495; Elliott v. Brintlinger, 376 Ill. 147, 33 N.E. 2d 199, 133 A.L.R. 1364, and Annotation at page 1367."

■ The plaintiff also relies upon the action of Louise in electing to take her statutory rights. He argues that this action " * * * has frustrated the general scheme of the will and thus of the testator, * * *." This fact, he urges, illustrates the trial court committed reversible error. This argument is difficult, if not impossible, to follow. Plaintiff ignores the fact that, in contemplation of law, the testator must be presumed to have known he could not defeat Louise's statutory rights whether he mentioned her in his will or not. Having such knowledge and yet failing to change his will, the only fair presumption is that the testator intended his estate to be divided as provided in his will subject to such statutory rights as Louise might have. In Mercantile-Commerce Bank & Trust Co. v. Binowitz, supra, the court held that where provisions made in behalf of a widow must be disregarded, the intention of the testator as to the other provisions of the will must be carried out as nearly as possible. In that case at l. c. 899 (238 S.W.2d 893) the court held: "Having had counsel in the preparation of this will, and in view of the presumption that every man knows the law, we must take it for granted that the testator knew that he could not take from his wife her common law right to renounce the will and take a child's part of his estate, in which case all of his carefully laid plans for the devolution of his estate would be upset."

In short, if we were to adopt the plaintiff's argument, we would be ruling that a widow not mentioned in a will could totally defeat the testator's intentions voiced in the will by electing to take under the statutes. A necessary corollary of such ruling would also be that even if a widow is mentioned in the will, if she elects to take under our statutes, she can void the will and disrupt the testator's intentions. This we can-

not condone. The election by Louise to take her statutory share cannot be held to prevent the vesting in defendants of their rights under Article III of the will.

There is no reversible error in the judgment of the trial court, and that judgment should be affirmed. The Commissioner so recommends.

PER CURIAM:

The foregoing opinion of BRADY, C., is adopted as the opinion of this court. The judgment is affirmed.

RUDDY, P. J., and WOLFE and ANDERSON, JJ., concur.