**Charles T. Bell, Trustee Under the Will of Miriam E. Owsley, Deceased, Plaintiff-Appellee, v. Carthage College, a Corporation, Defendant-Appellant, and William G. Clark, Attorney General of the State of Illinois, Defendant-Appellee.**

Gen. No. 68–62.

Third District.

December 16, 1968.

Inghram & Dittmeyer, of Quincy, and Samuel J. Naylor, of Carthage, for appellant.

Max B. Stewart and Vilas C. Rice, of Carthage, and William G. Clark, Attorney General, of Springfield, for appellee.

ALLOY, P. J.

This is an appeal by Carthage College, a corporation, from an order of the Circuit Court of Hancock County construing a certain will. The action originated as a chancery proceeding brought by Charles T. Bell, Trustee under the Will of Miriam E. Owsley, Deceased, for construction of certain portions of the will of decedent.

Miriam E. Owsley's will, dated September 25, 1944, was admitted to probate on January 24, 1946. In Clause Eighth, the Testatrix provided in part ". . . and that after so converting said property into cash, that the same shall then be invested in Government Bonds, and the said fund so invested shall be established as a trust fund, the income therefrom to be used to pay or assist in the payment of tuition at Carthage College, Carthage, Illinois, of worthy men and women who desire to obtain an education and who do not have sufficient funds therefor." Charles T. Bell was appointed Executor and Trustee of the Will. He paid the income from such trust to Carthage College at Carthage, Illinois, until August 5, 1964. In 1964, Carthage College moved from Carthage, Illinois, to Kenosha, Wisconsin. Carthage College was a four-year liberal arts college which had located in Carthage, Illinois, for a period of 90 years, and was located in Carthage, Illinois, at the time the Testatrix made her will and also at the time of her death. For a number of years prior to 1964, Carthage College maintained a campus at both Carthage, Illinois, and Kenosha, Wisconsin. At the end of the 1964 school term, all activities were transferred to Kenosha, Wisconsin, and the Carthage, Illinois, campus was closed. The college in Kenosha, Wisconsin, is still known as Carthage College and is still a four-year liberal arts college. Carthage College has been affiliated with the Lutheran Church both before and after its removal to Kenosha, Wisconsin.

In April, 1965, a liberal acts college known as Robert Morris College commenced classes at Carthage, Illinois,

and is still in existence and operating in Carthage, Illinois. Robert Morris College is not a church-related college and is not and has not been a four-year liberal arts college.

The trial court held that with removal of Carthage College from Carthage, Illinois, of the educational activities to Carthage College at Kenosha, Wisconsin, the trustee is no longer authorized or empowered by the will to use the income to pay or assist in the payment of tuition at "Carthage College, Carthage, Illinois, of worthy men and women who desire to obtain an education and do not have sufficient funds therefor." The trial court then invoked the "cy pres" doctrine and directed the trustee to use the income to pay or assist in paying tuition at Robert Morris College, Carthage, Illinois, for worthy young men and women, as defined in the trust. The issue before us, therefore, is whether the trial court was correct in applying the cy pres doctrine and thus directing that the trustee pay the income to students attending Robert Morris College at Carthage, Illinois.

 The parties to this cause agree that in the construction of a will, the court should seek to ascertain the intention of the testatrix (Dillman v. Dillman, 409 Ill 494, 502, 100 NE2d 567; Bartlett v. Mutual Benefit Life Ins. Co., 358 Ill 452, 193 NE 501; Davidson v. Davidson, 2 Ill2d 197, 117 NE2d 769). The parties, however, have divergent points of view as to whether the trial court was correct in reading into the trust provisions of the Owsley will a condition that if Carthage College moved from Carthage, Illinois, that the trustee was not to pay tuition for worthy students to attend Carthage College. Since the removal of the college was apparently a development which was not contemplated when the testatrix made her will, was the determination of the court justified in view of the provisions of the will?

In Gridley v. Gridley, 399 Ill 215, 76 NE2d 146, the court was concerned with the rule of construction which

results if a condition arises after a testator's death which the testator did not contemplate. The court there stated that a trial court cannot surmise what the testator would have done had he considered the new condition. In the Gridley case, the will left a life estate and alternative contingent remainders to heirs of the body of the life tenant and heirs of the body of the testator. There was no provision as to what was to be done with the property if there was a failure of heirs of the body of both the life tenant and the testator. The contention was made in that case that the testator did not use the words "heirs of my body" in the literal sense, but instead that he had a different intention. The court, in refusing to find any intent other than that expressed in the will itself, stated (at page 229) :

> "The construction of a will is not made to depend upon subsequent facts or conditions arising after the will took effect. (Harvey v. Ballard, 252 Ill 57.) The courts cannot found a construction of a will on conjecture, but must take the language of the will as they find it. When a condition has arisen in regard to a testator's estate which he had not taken into consideration and which he would probably have provided for if he had thought of it when making his will, the court cannot conjecture what provision he would have made unless that provision is contained in the words he has used in making his will. (First Trust and Savings Bank v. Olson, 353 Ill 206.) The intention of the testator is not to be deduced from speculation as to what he would have done had he anticipated a change in the circumstances surrounding him at the time of the execution of the will, since this would amount to making a will for him and not to interpreting the will he has made."

The emphasis on not permitting a court to make the new will for the testator was also noted in McFarland v. McFarland, 177 Ill 208, at 218, 52 NE 281:

"It may be that the testator in the case at bar was not, when writing his will, mindful of the fact one or more of the devisees might die, and that had this occurred to him he would have provided that a disagreement between the two remaining devisees, and their failure to continue the management and control of the "Retreat," would determine their estate and authorize the sale of the property by the executors. Courts cannot, however, determine, by mere conjecture, that the testator omitted from his will provisions that he would have incorporated if he had not overlooked probable future occurrences, and undertake to rectify such omission, for to do so would be to incorporate, by construction, a new clause in the will. This would not only be contrary to the will as made, but would be making a new will."

Other Illinois courts have reached similar conclusions (Harvey v. Ballard, 252 Ill 57, 96 NE 558).

In the case before us, the testatrix had Carthage College in mind when she made the will. Carthage College is still in existence even though it has moved. The fact that the testatrix' will describes the college as "Carthage College, Carthage, Illinois" does not in itself establish a condition that the gift was to benefit students only so long as the college continued to be located in Carthage, Illinois. It may be noted that it is common practice in the drafting of wills to include the address of a beneficiary whether it is an individual or an institution. If an individual had been the beneficiary, certainly the change of address would not have affected the gift to that individual. While there was only one Carthage College

■■■■■■■■■■

in existence at the time decedent made the will, there were other cities named Carthage than the one located in Illinois. Had the testatrix stated that the benefits were to be conferred upon students for studies at Carthage College "so long as it is located in Carthage, Illinois" the intention of the testatrix to condition such gift upon the continued location of Carthage College at Carthage, Illinois, would have been clear. Such language, however, was not used. The language of the will specified no such condition.

A case in which the facts are similar to those in the instant case was Starr v. Morningside College, 186 Iowa 790, 173 NW 231. In that case there was a bequest to the "Charles City College of Charles City, Iowa." The will was made by a man who lived in Charles City for 50 years before making his will and codicil. He was a businessman in the city and identified with the affairs of the city. The college moved from Charles City to Sioux City, Iowa, and it was argued that this made the will provision invalid. The court in that case, in refusing to set aside the gift, said (173 NW 231, at 234):

> "Testator could have made it a condition of his bequest that the college should remain at Charles City, or, if it removed therefrom or was merged in any other institution, the fund should revert. This he did not do. . . . That testator may have supposed that the college would remain at Charles City, because it was located there at the time the codicil was executed, will not operate to defeat the bequest in the absence of such a condition."

We believe that the same considerations apply in the instant case and compel the conclusion that the specific provisions of the will should be adhered to. The trustee in the case before us argues that the Iowa case cited is not similar to the case before us because in the Starr case the gift was directed to the college and in the in-

294

stant case, the gift was to "worthy young men and women" who wished to attend Carthage College. We do not believe that such a distinction is a sound one. The significant conclusion in the Starr case is that the change of address of the college did not operate to affect the gifts.

██ ██ Since Carthage College is still in existence and has only changed its address to Kenosha, Wisconsin, we do not believe the court was justified in applying the cy pres doctrine. The cy pres doctrine should only be applied if the mode or manner prescribed in the instrument setting up the charitable bequest is not practical or feasible (Board of Education v. City of Rockford, 372 Ill 442, 24 NE2d 366, 371; Hardy v. Davis, 16 Ill App2d 516, 148 NE2d 805). It is, therefore, our conclusion that the court would not be justified in reading into the will an intention that the bequest was only to benefit students from Carthage College so long as it remained in Carthage, Illinois. No expression of such intention is found anywhere in the will and a contrary intention to benefit the students of Carthage College wherever it might be located is just as probable. There is nothing in the record or any claim made that there are no worthy men or women now attending Carthage College at Kenosha, Wisconsin, or that there will be none in the future who desire to obtain an education and who do not have sufficient funds therefor. We see no impossibility or impracticability in carrying out the charitable purposes expressed by the decedent in the instant case.

We do not believe that we are justified in rejecting the language of the will or in invoking the cy pres doctrine for a similar worthy objective. Accordingly, the order of the Circuit Court of Hancock County is reversed and this cause is remanded to the Circuit Court with directions to enter an order herein directing Charles T. Bell, Trustee under the Will of Miriam E. Owsley, deceased, to use and distribute the trust income as pro-

vided for in Clause Eighth of the will of the decedent, to pay or assist in the payment of tuition at Carthage College, now located at Kenosha, Wisconsin, of worthy men and women who desire to obtain an education and do not have sufficient funds therefor.

Reversed and remanded with directions.

STOUDER and SCHEINEMAN, JJ., concur.